TYSON *v.* TYSON.

1. DIVORCE—AWARD IN LIEU OF DOWER—PERMANENT ALIMONY—DIS-
CRETION OF COURT.
   Amount to be awarded in lieu of dower and for permanent ali-
   mony rests largely in the discretion of the trial court and only
   where there is a manifest abuse of that discretion will award
   be interfered with on appeal.

2. SAME—DIVISION OF PROPERTY—DISCRETION OF COURT.
   On appeal of plaintiff wife, 72 years of age, from provisions as
   to disposition of dower rights and denial of alimony, decree
   awarding 69-year old defendant husband property worth about
   $12,000, subject to $4,000 mortgage, upon which he was re-
   ceiving about $180 a month rent, *held,* not a manifest abuse
   of discretion where during marriage, which was one of con-
   venience and which had lasted less than six years, plaintiff's
   property, in which parties had lived, had been freed from $244
   mortgage by defendant and had been bettered by improve-
   ments costing defendant about $500, and plaintiff had done
   nothing to help defendant acquire his property.

3. SAME—COSTS.
   No costs are allowed defendant husband, 69 years of age, suc-
   cessful appellee on appeal from provisions of decree as to dis-
   position of property and denial of alimony to 72-year old wife.

Appeal from Jackson; Simpson (John), J. Sub-
mitted January 11, 1938. (Docket No. 108, Calendar
No. 39,809). Decided February 24, 1938.

Bill by Vesta Tyson against Clarence T. Tyson
for separate maintenance. Decree of absolute di-
vorce for plaintiff. Plaintiff appeals. Affirmed.

*Sagendorph, Dahlem, Vincent & Dahlem,* for plaintiff.

*Herbert N. Heuman (Robert Crary,* of counsel), for defendant.

BUSHNELL, J. The parties, the one then a widow and the other a widower, were married on February 16, 1931. Mrs. Tyson filed her bill for separate maintenance on October 12, 1936, alleging that defendant was guilty of certain acts of extreme cruelty, subversive of the marriage relation. Defendant denied that plaintiff was entitled to any relief but the court, after the taking of testimony, decreed that the marriage should be dissolved, from which determination neither party appeals. Mrs. Tyson, however, complains of the court's disposition of her dower rights and its denial of alimony.

The circuit judge stated that defendant was 69 years of age and plaintiff was 72, and that their "marriage was one of convenience, so that they both might live in the plaintiff's house and get an income from the defendant's property." The court said:

"Before the marriage the defendant owned a home in the city of Grand Rapids. He converted this home into a filling station so that they might have an income from which to live. The defendant stated that the same was worth probably $12,000, but upon that there is a $4,000 mortgage. He has been receiving the sum of $180 a month for rent of the filling station. At the present time there is no written lease from the oil company to the defendant. According to the defendant the rent is paid into the bank which takes $100 from the same and after also deducting for a draft, he receives the balance. A new principal is figured every six months. According to the proof in the case, this is the only property the defendant

has.  He paid off a mortgage of $244 on the plaintiff's property, and he claims that the money expended in improving the plaintiff's property was in the neighborhood of $500.  So in all, she has had in the neighborhood of $744 from the defendant as an improvement on her property.

"The defendant is an old man and has no job or position.  Since the divorce he has been required to rent a home and will be required to support himself from the balance that he gets from the rent of the filling station.  The plaintiff did nothing to help the defendant acquire his property.  Everything that he owns is property that he had before the marriage.  This was not a marriage of young people, but of old people well along in years, and as heretofore stated entirely one of convenience.

"The court feels that the amount that the defendant has put into the plaintiff's home as improvements, together with the $244 that he paid to remove the mortgage on the plaintiff's home, is a sufficient award to release the balance of the defendant's estate from the plaintiff's inchoate right of dower, and feels that the case falls within the rule as stated in the case of *Born* v. *Born,* 237 Mich. 323; *Schlaf* v. *Schlaf,* 237 Mich. 543; *Streicher* v. *Streicher,* 202 Mich. 588; *Thompson* v. *Thompson,* 205 Mich. 124 (3 A. L. R. 990)."

The amount to be awarded in lieu of dower and for permanent alimony rests largely in the discretion of the trial court; and it is only where there is a manifest abuse of that discretion that its award will be interfered with on appeal.  *Bialy* v. *Bialy,* 167 Mich. 559 (Ann. Cas. 1913A, 800).

The cited case contains a statement of some of the tests to be applied in determining such matters and the rule given has been applied to the facts disclosed in this record and we conclude that there was no

manifest abuse of discretion on the part of the trial judge. *Stevens* v. *Stevens,* 49 Mich. 504.

Because of the circumstances of the case, the age of the parties and the facts pertaining to the property situation, we will not allow costs in this court to Mr. Tyson.

The decree is affirmed, but without costs.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.