WOOD *v.* WOOD.

1. Divorce—Division of Property—Discretion of Court.

In suit for divorce by 56-year old wife with earning power of $2,000 a year and who was energetic, capable, and successful in the real estate business against 64-year old husband whose eyesight and hearing were somewhat impaired and who was subject to $12 monthly alimony payments arising from a previous divorce, in which it appears that indebtedness against her previously-owned separate estate had been reduced from the joint earnings of the parties, drug store owned by defendant was subject to a large chattel mortgage and he has but little other income; decree awarding her property worth $12,000

over and above incumbrances, awarding him the drug store free from any claim by her; subjecting each party to respective individual debts and both to joint debts; and disallowing her claim for alimony and counsel fees *held*, not an abuse of discretion.

2. SAME—ALIMONY—COUNSEL FEES—DISCRETION OF COURT.

Allowance of alimony and counsel fees to wife, plaintiff in a suit for divorce, rests in the discretion of the court.

3. SAME—ALIMONY—CONSIDERATIONS.

In decreeing alimony to a wife, the court should take into consideration the past relations and conduct of both parties, the health and age of each, whether or not either is responsible for the support of others, the amount and source of the husband's property, their station in life and manner of living, and especially, in view of all the testimony in the case, what sum will leave the financial condition of the wife during her life not inferior to what it would be if the husband's conduct had been correct and the marriage undissolved.

4. SAME—PERMANENT ALIMONY—DISCRETION OF COURT.

The amount to be awarded for permanent alimony rests largely in the discretion of the trial court; and it is only where there is a manifest abuse of that discretion that its award will be interfered with on appeal.

5. SAME—COSTS.

No costs are allowed either party upon affirmance of decree of divorce from which wife had appealed.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 3, 1939. (Docket No. 18, Calendar No. 40,140.) Decided March 9, 1939.

Bill by Emma C. Wood against George W. Wood for an absolute divorce, for a property settlement, and other relief. Cross-bill by defendant for an absolute divorce. Decree for plaintiff. Plaintiff appeals. Affirmed.

*Herbert W. Smith,* for plaintiff.

*David V. Martin,* for defendant.

McAllister, J.   Emma C. Wood appeals from the provisions of distribution of property interests in a decree in which she was awarded a divorce from defendant, and claims that the trial court abused its discretion in refusing to award her alimony and counsel fees.

Prior to marriage, plaintiff was engaged in an extensive real estate business, which she continued during the married life of the parties.   Defendant had a drug store of which he was proprietor.   Both parties engaged in various real estate and financial transactions, and much of their trouble arose out of controversies relating thereto.   Before plaintiff's marriage she had purchased a house and lot on Harding avenue in Detroit on a land contract, paying down $1,700.   She paid $600 for reconditioning the house.   She also owned two cottages and several lots on a lake.   She received an income of $400 a year from the cottages.   Prior to the marriage, she had received rent from the Harding avenue property, but shortly thereafter the parties moved into the premises and lived there until the filing of the bill of complaint.   Plaintiff claims defendant's drug store was worth $10,000 at the time of their marriage.   Defendant receives about a $100 a year from an investment in a coal company, and is obligated to pay $12 a week to his first wife by the terms of a divorce decree.   Because of difficulties arising from the manner in which such payments had been made, defendant was requested by an attorney to make some arrangement to secure such payments.   He thereupon gave a chattel mortgage covering the drug store to his son, by his previous marriage, in order that the payments could be made promptly by the son out of profits from the store.   Since 1929, the son has been taking care of such alimony payments out of his own salary, there not being sufficient from

the income of the store for this purpose. The chattel mortgage was given also to secure the son for back salary due and merchandise given by him to his father, and also because of an understanding that defendant was going to give the store to his son after he was through with it. According to the evidence, the store and fixtures are worth at the present time $4,500 to $5,000. It is unprofitable, and neither defendant nor his son operate it, but defendant pays the rent and employs others to carry on the business.

A review of the testimony of the parties might lead one to believe that the suit for divorce was a bill for an accounting; and it would be of no interest or value to the profession to discuss the multitudinous transactions, loans, borrowings, purchases, and joint financial contributions that seem of such obsessing importance to the parties, transcending, it would appear, the spirit and relationship to be found usually in marriage.

The trial court, while granting plaintiff a divorce, refused to allow her alimony or attorney fees. As a result of the decree plaintiff is the owner of property worth $12,000 over and above incumbrances. While plaintiff urges that she was the owner of such property prior to the marriage, there is evidence that indebtedness against the properties as of that time had been reduced by payments from the joint earnings of the parties. That, however, is of little consequence. Plaintiff has an earning power of $2,000 a year, is 56 years old, active, energetic, capable, and successful in her line of business. Defendant by the decree retains the fixtures and stock of the drug store, subject to the chattel mortgage previously referred to. Whether such chattel mortgage is valid, or how much indebtedness of defendant it secures, is in controversy. If it were valid for the entire amount and foreclosed, defendant would

be in debt several thousand dollars. If the property mortgaged be owned free and clear by defendant, it would be worth $4,500 or $5,000. Assuming the latter case to be true, such circumstance would not militate against the decree of the trial court.

Defendant is 64 years old, with eyesight and hearing somewhat impaired. His income is negligible. He is obligated to pay $12 alimony weekly, or see that it is paid out of the small income of the store. The court decreed that the individual obligations should be those of the respective parties, resulting in plaintiff's being responsible for $467 in notes signed by her; and that the parties be equally responsible on joint obligations, for the purpose of the decree, with the result that each is liable for $500 on such notes.

With regard to plaintiff's claim that the court erred in refusing to award her alimony and counsel fees, the right to such allowances and fees rests in the discretion of the court.

In *Bialy* v. *Bialy,* 167 Mich. 559 (Ann. Cas. 1913 A, 800), the court said:

"The court should take into consideration the past relations and conduct of both parties, the health and age of each, whether or not either is responsible for the support of others, the amount and source of the husband's property, their station in life and manner of living, and especially, in view of all the testimony in the case, what sum will leave the financial condition of the wife during her life not inferior to what it would be if the husband's conduct had been correct and the marriage undissolved."

"The amount to be awarded * * * for permanent alimony rests largely in the discretion of the trial court; and it is only where there is a manifest abuse of that discretion that its award will be interfered with on appeal." *Tyson* v. *Tyson,* 283 Mich. 192.

On a review of the record and a consideration of the facts of this case, the age and situation of the parties, their property interests, earning power, and business abilities, we are of opinion that there was no manifest abuse of discretion on the part of the trial court; and because of the circumstances of this case, no costs will be allowed to either party on appeal. *Tyson* v. *Tyson, supra.*

Decree affirmed, without costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. NORTH, J., took no part in this decision.