BARRY *v.* BARRY.

1. DIVORCE—STATUTES—CUSTODY AND SUPPORT OF CHILDREN.

Statute, approved on June 15, 1939, but not given immediate effect, which provided that equity court had jurisdiction to award custody of children of parties being divorced until the children attained the age of 17 years and could require husband to support children until they attain such age or even thereafter, in case of exceptional circumstances, was inapplicable to order entered June 23, 1939, requiring husband to support boy then over 17 and in 11-B grade of high school for period of 18 months (Act No. 255, Pub. Acts 1939).

2. SAME—STATUTES—COMMON LAW—SUPPORT OF CHILDREN.

Provisions of the divorce statute relative to the custody and maintenance of children of the parties are in recognition of the common-law obligation resting upon the father, leaving it to the court to prescribe the amount to be paid for purpose of supporting the child, and as long as the need exists the obligation and power remain (3 Comp. Laws 1929, §§ 12738, 12739).

3. SAME—MODIFICATION OF DECREE—DISCRETION OF COURT.

The power of a court of equity to modify its decree of divorce is based upon the exercise of judicial discretion, which should not be interfered with on appeal unless it has been abused (3 Comp. Laws 1929, § 12738).

4. SAME—MODIFICATION OF DECREE—SUPPORT OF 17-YEAR OLD BOY IN HIGH SCHOOL.

Trial court's modification of decree of divorce so as to require husband to support son who was attending high school and over 17 years of age was not an abuse of discretion (3 Comp. Laws 1929, § 12738).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 18, 1939. (Docket No. 142, Calendar No. 40,806.) Decided December 20, 1939.

Divorce proceeding by Mildred E. Barry against Frank S. Barry. Petition by defendant to declare

final decree as modified fully satisfied. From order entered, defendant appeals. Affirmed.

*Norman H. Magel,* for plaintiff.

*Walter M. Nelson,* for defendant.

BUSHNELL, J. The final decree of divorce entered in this cause on September 10, 1928, required the defendant to pay $15 per week for the support and maintenance of the two minor children of the parties until further order of the court. This amount was reduced on June 20, 1931, to $12.50 per week, and on May 31, 1934, to $11.50 per week. The decree was again modified on June 30, 1937, thereafter requiring defendant to pay $35 per month for the support of the minor son of the parties and all of the accumulated alimony was "limited, canceled and discharged," excepting the sum of $250, payment of which was held in abeyance until further order.

On May 9, 1939, defendant petitioned for the entry of an order reciting that the final decree as modified is "fully paid, satisfied and discharged of record." In this petition defendant stated that his son Robert would attain the age of 17 on June 9, 1939, and that the amount required for his support up to that time had been fully paid. The friend of the court reported that Robert is now attending high school, being in the 11-B grade, and that defendant has the capacity to provide his son with a high school education. Exceptions were filed to this report and the court, after hearing the arguments of counsel for both parties, entered an order on June 23, 1939, denying the petition and requiring defendant to pay to the friend of the court for the support of Robert the sum of $30 each month, in advance, commencing on June 20, 1939, and continuing for a period of 18 months. This order provides that these payments

shall be in lieu of and in satisfaction of the accumulated back alimony set forth in the order of June 30, 1937. The order states that, upon full payment of the 18 monthly instalments of $30 each, the "final decree of divorce and all orders modifying the same shall be, and hereby are, declared performed, fully paid, satisfied and discharged, and the clerk of this court, either upon the admission of the plaintiff in writing, or the certificate of the friend of the court to that effect, or on application by defendant to the court and order thereon, shall satisfy the same of record."

Defendant appeals from this order.

Does the court have power to order a divorced husband to continue to pay for the support and maintenance of his child after the child has attained the age of 17?

The statute which controls the revision and alteration of decrees of divorce reads as follows:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require." 3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97).

There is no limitation of age in this statute, but it is claimed that it must be read in connection with 3 Comp. Laws 1929, § 12764, as amended by Act No. 44, Pub. Acts 1931 (Comp Laws Supp. 1940, § 12764, Stat. Ann. § 25.121), as amended, which requires the prosecuting attorney to enter his appearance in every case in which there are minor children under the age of 17. The enactment by the legislature of 1939, Act No. 255, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12739-1), which reads:

"The court shall have jurisdiction in making such order or decree relative to the minor children of such parties as authorized in this chapter to award custody thereof to one of the parties or a third person until such children attain the age of 17 years and may require the husband to pay such allowance as may be deemed proper for their support until they respectively attain that age and may in its discretion in case of exceptional circumstances requiring the same, require payment of such allowance for any such child after he attains that age."

would indicate that there was some uncertainty as to this power. This act, approved June 15, 1939, and not given immediate effect, has no bearing upon the court's order in this instance, it having been entered on June 23, 1939.

The power of the court to require a husband to support his child is found in 3 Comp. Laws 1929, § 12738 (Stat. Ann. § 25.96).

"The divorce statute relative to the custody and maintenance of children of the parties is in recognition of the common-law obligation resting upon the father and leaves it to the court to prescribe the amount to be paid by the father for such purpose. The purpose is to assure support of the child, and, as long as the need exists, the obligation and power remain." *West* v. *West,* 241 Mich. 679, 684.

Authorities on this power are collected in 18 A. L. R. 896 *et seq.,* and 47 A. L. R. 110 *et seq.* See particularly *Esteb* v. *Esteb,* 138 Wash. 174 (244 Pac. 264, 246 Pac. 27, 47 A. L. R. 110), that case turning on the question of the duty of a father to provide a college education for his minor child on the ground that it is a necessity, the dissenting member of the court limiting his holding to a high school education.

The power of the equity court to modify its decree is based upon the exercise of judicial discretion, would should not be interfered with on appeal unless

it has been abused. *Wood* v. *Wood,* 288 Mich. 14. See, also, *Walton* v. *Walton,* 290 Mich. 48.

There was no abuse of discretion by the trial judge, and the order appealed from is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. SHARPE, J., did not sit.