## SLAUTTERBACK v. SLAUTTERBACK.

1. DIVORCE—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.
   Modification of decree of divorce in May, 1939, to require husband
   to pay $5 per week for each of two children until each attains
   the age of 18 years was within the power of the court and where
   father has an income of $3,000 a year and mother earns $130
   a month teaching school such modification is not disturbed
   (Act No. 255, Pub. Acts 1939).

2. SAME—COSTS.
   Upon affirmance of modification of decree of divorce relative to
   amount husband should continue to pay for support of children
   up to the age of 18 years, no costs are awarded either husband
   who appealed or wife who cross-appealed.

Appeal from Berrien; Elliott (Philip), J., presiding. Submitted January 3, 1940. (Docket No. 44, Calendar No. 40,873.) Decided June 3, 1940.

Divorce proceeding by Bessie Slautterback against Ralph Slautterback on petition of plaintiff to modify decree to provide further allowance for care of children and other relief. From amended decree, defendant appeals and plaintiff cross-appeals. Affirmed.

*Smedley & Stribley*, for plaintiff.

*Stuart B. White*, for defendant.

WIEST, J. In December, 1935, the parties were divorced. The decree relative to alimony and custody and maintenance of their two children followed the terms of an agreement between the parties. The decree ordered the father, commencing September 21, 1938, to pay $10 per week for the support of the two

children until the girl attains the age of 16 years, and thereafter $5 per week for the support of the boy until he attains the age of 16 years. In September, 1936, the court amended the decree and required the father to pay, for the support of the two children, $5 per week until September 21, 1938. March 14, 1939, plaintiff petitioned the circuit court to amend the amended decree so as to require defendant to contribute a reasonable amount each week for the support and maintenance of the girl until she is 21 years of age, and to increase the sum to be paid for the support of the boy until he is 21 years of age. May 19, 1939, the court amended the decree and required defendant to pay, for the support of the children, $5 a week for each child until each attains the age of 18 years. Both parties appeal.

Defendant claims the court exceeded its power, in the absence of change of circumstances, in continuing the support for two years beyond the period fixed in the former decree and that the award is inequitable.

Plaintiff claims support should continue until the children are 21 years of age instead of 18, and the court should have granted more than $5 per week, and the $15 attorney fee allowed by the court was not enough as her attorney wanted $235.

The girl was 16 years of age in March, 1939. The boy will be 16 years of age in July, 1942. The mother is now a school teacher, earning $130 per month. The father is in business and has an income of something like $3,000 per year.

Under the holding in *Barry* v. *Barry,* 291 Mich. 666, the court had power to make the order appealed from and we find no reason for disturbing the same.

Since the order appealed from was entered, the legislature, by Act No. 255, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12739-1), has provided:

"The court shall have jurisdiction in making such order or decree relative to the minor children of such parties as authorized in this chapter to award custody thereof to one of the parties or a third person until such children attain the age of 17 years and may require the husband to pay such allowance as may be deemed proper for their support until they respectively attain that age and may in its discretion in case of exceptional circumstances requiring the same, require payment of such allowance for any such child after he attains that age."

The order is affirmed, without costs to either party.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.