SCHUCH v. SCHUCH.

1. DIVORCE—MODIFICATION OF DECREE—DISCRETION OF COURT.
   The power of a court of equity to modify its decree of divorce is based upon the exercise of judicial discretion, which should not be interfered with on appeal unless it has been abused.

2. SAME—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES—DISCRETION OF COURT—ALIMONY.
   After entry of decree of divorce upon wife's bill therefor and payment of $25 weekly alimony until husband obtained modification reducing payment to $16 a week after only child of parties had completed a junior college and business college education and husband had suffered reduction in salary from $250 a month to $198, denial of wife's subsequent petition to raise alimony from $16 a week to $35 weekly because of her

poor health, debts, and increase in husband's income *held,* not an abuse of discretion where it appears there has been no change in the circumstances and condition of the parties justifying interference with the exercise of discretion by the circuit judge.

3. SAME—COSTS.

No costs are allowed on affirmance of order of circuit judge denying wife's petition for increase of alimony.

Appeal from Jackson; Simpson (John), J. Submitted October 10, 1941. (Docket No. 31, Calendar No. 41,720.) Decided December 2, 1941.

Divorce proceeding by Inez M. Schuch against Charles Schuch. Plaintiff appeals from order denying her petition for increase of alimony. Affirmed.

*Rosenberg, Painter, Kelly & Cristy,* for plaintiff.

*James J. Noon,* for defendant.

STARR, J. Plaintiff appeals from circuit court order denying her petition for increase of alimony.

After 20 years of marriage plaintiff, on her application, obtained decree of divorce from defendant on September 14, 1935, the decree providing for alimony as follows:

"That the said defendant, Charles Schuch, pay to the clerk of this court the sum of $25 each week from the date hereof for the support and maintenance of plaintiff and the said minor child, said payments to continue for two years from the date hereof, provided the said minor child shall during that time attend the Junior College of the city of Jackson, Michigan. The question of the allowance of alimony for the support of plaintiff and the said minor child after the completion of the said college work of the said minor child, or in case the said

child does not enter the said college or does not complete the course of study prescribed herein, being hereby reserved."

On December 12, 1938, defendant filed petition for modification of the decree, alleging that his earnings had decreased from $250 to $198 per month and that the daughter of the parties had completed her college education. Plaintiff filed answer and cross petition, and upon hearing the decree was modified to provide in part as follows:

"That defendant, commencing with the date hereof, pay to the clerk of this court for the use and benefit of plaintiff as permanent alimony the sum of $16 per week, until the further order of the court."

On February 25, 1941, plaintiff filed petition to increase her alimony from $16 to $35 per week. Her petition alleged, in substance, that she was in poor health, was in debt, that her alimony allowance together with proceeds from the rooming house she conducted was not sufficient to meet expenses, and that defendant's earnings had increased. Defendant filed answer, and at the hearing both plaintiff and defendant were called as witnesses.

Plaintiff testified regarding her poor health, her inability to pay bills and expenses, the operation of her rooming house, and the irregularity of defendant in paying the weekly alimony. However, plaintiff admitted that defendant had paid the alimony allowance in full.

Defendant testified his earnings in 1940 averaged $281 per month; that he had remarried in 1939; that he had purchased a home, making a down payment of $1,000, which was raised by his present wife's obtaining a loan on her life insurance; that the monthly payment on the home is $55. Defendant further testified that, to hold his position as chemist

and salesman with the Motor Sales Grease Company, he had been obliged to borrow over $5,000 from a bank and purchase stock in such company and that he is paying $75 a month on the loan.

At the conclusion of the hearing on plaintiff's petition the circuit judge stated in his opinion:

"This matter has been before the court at various times in regard to the alimony matter. The defendant has paid the alimony as ordered by the court. At one time he was paying $25 a week. That was when the girl was under the age of 17. He has paid alimony until she was long past that age, and also helped give her a junior college education and also at the Cleary business school in Ypsilanti. At the present time he is paying $16 a week.

"After a careful consideration of all the evidence in the matter and the exhibits that were introduced in the case the court is of the opinion that under the circumstances the sum of $16 a week is still a fair amount. It probably looks as though the defendant's financial position had improved, but when analyzed to all intents and purposes it is not much better than when the sum of $16 was set by the court."

In accordance with such opinion order was entered May 2, 1941, denying plaintiff's petition and continuing the allowance of $16 per week until the further order of the court. Plaintiff appeals from such order.

From the record it appears that defendant is confronted with monthly payments of $55 on his home, $75 on his bank loan, and approximately $68 alimony to plaintiff.

The circuit judge who granted the decree of divorce in 1935 also heard defendant's petition for modification in 1938 and plaintiff's present petition for an increase of alimony, and he was, therefore,

acquainted with these parties and their financial needs and circumstances. In the case of *Barry* v. *Barry*, 291 Mich. 666, 669, Mr. Justice BUSHNELL said:

"The power of the equity court to modify its decree is based upon the exercise of judicial discretion, which should not be interfered with on appeal unless it has been abused."

See, also, *Wood* v. *Wood*, 288 Mich. 14; *Tyson* v. *Tyson*, 283 Mich. 192.

From a careful study of the entire record, we believe there has been no change in the circumstances and condition of the parties which would justify our interfering with the determination and order of the circuit judge. There was no abuse of judicial discretion.

The order denying plaintiff's petition for an increase of alimony is affirmed. No costs will be allowed.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.