STEIN *v.* STEIN.

1. APPEAL AND ERROR—SUPREME COURT CONFINED TO RECORD PRESENTED.

On appeal in divorce case, the Supreme Court is confined to the record and cannot consider facts not appearing from the record.

2. DIVORCE—AWARD IN LIEU OF DOWER—PERMANENT ALIMONY—DISCRETION OF COURT.

Amount to be awarded in lieu of dower and for permanent alimony rests largely in the discretion of the trial court and only where there is a manifest abuse of that discretion will award be interfered with on appeal.

3. Same—Sale of Property—Auctions.

Sale to husband of farm which parties had occupied during marriage was proper where he was the highest bidder at auction sale ordered in decree of divorce and there is no showing of fraud, undue advantage, or inadequacy of price.

4. Same—Division of Property.

In suit for divorce of parties after children of the marriage had reached maturity wherein court gave wife in lieu of alimony and dower approximately one third of the net proceeds of the property then held by the parties not all of which had been accumulated during the marriage which had lasted more than 30 years *held*, a distribution in which there does not appear to have been an abuse of discretion by the trial court.

5. Same—Costs.

No costs are allowed either party upon affirmance of decree of divorce from which wife had appealed.

Appeal from Huron; Boomhower (XenophonA.), J. Submitted October 7, 1942. (Docket No. 28, Calendar No. 42,022.) Decided November 25, 1942.

Bill by Edward Stein against Elizabeth Stein for a divorce on the ground of extreme cruelty. Cross bill by defendant against plaintiff for a divorce. Decree for defendant. Appeal by defendant from provision of decree relating to property settlement. Affirmed.

*Carl A. Braun,* for defendant.

Starr, J. The trial court granted defendant and cross-plaintiff an absolute divorce. She appeals only from the provisions of the divorce decree determining the property rights of the parties.

At the time of their marriage in 1908 plaintiff owned 100 acres of land in Huron county on which the parties established their farm home. Such land was then subject to an indebtedness of $1,000. Defendant, at the time of the marriage, contributed

$300 to their mutual funds. They reared their family, improved their farm and buildings, and acquired considerable farming machinery, equipment, livestock, and other personal property. They also acquired three lots in Royal Oak and an additional 40 acres of land.

They separated in 1939 and in April, 1940, plaintiff filed bill of complaint for an absolute divorce. Defendant filed answer and also cross bill asking for an absolute divorce. Both the bill and cross bill were based upon charges of extreme and repeated cruelty. The case was tried, and the trial court's opinion states, in part:

"These parties have been married for more than 30 years, and seemingly had no serious trouble until the wife inherited some property from her father's estate, and the proofs convince the court that were it not for this fact no divorce action by either of the parties would have been commenced.

"However, neither party is free from fault, and they both agree that it is impossible for them to resume marital relations in peace and harmony.

"A decree of divorce may be drawn granting the defendant a divorce, and unless the parties, by the aid of the attorneys and the court, are able to divide the real estate and personal property satisfactorily, the property may all be sold, and after deducting a sufficient amount to pay plaintiff's debts and $100 for the defendant's attorney's fees, the balance is to be divided two-thirds to plaintiff and one-third to defendant."

In February, 1941, defendant filed petition stating that the parties and their attorneys were unable to agree upon an equitable distribution of the properties and "have concluded that a sale in accordance with the opinion of this court be held." On February 25, 1941, the trial court entered a "tem-

porary decree'' granting defendant an absolute
divorce and awarding certain items of the household
goods and personal property in the home to plain-
tiff and the balance to defendant.  In pursuance of
mutual agreement between the parties such tempo-
rary decree provided further:

"It is further ordered, adjudged and decreed that
the cattle, implements, automobiles and all other
articles contained in the attached inventory which
were not disposed of in the paragraph immediately
above, together with all the real estate of the parties
wheresoever situated, except the three lots of the
parties located in Oakland county, Michigan, shall
be sold at public auction by Thomas Stahlbaum, un-
der the supervision of William Eppenbrock, who is
hereby appointed trustee for the court, to the high-
est bidder and for the highest price obtainable
within three weeks after the signing and filing of
this temporary decree.  Said personal property shall
be sold outright; said real estate shall be sold sub-
ject to the approval of the court.  The proceeds of
said auction sale shall be turned over by William
Eppenbrock to the clerk of this court to await fur-
ther order of this court.''

The temporary decree also provided that certain
farm products should be sold forthwith and $200 of
the proceeds paid to defendant and the balance to
the clerk of the court.  The record indicates that
such products were sold and $200 of the proceeds
were paid to defendant.  The record also shows that
defendant received the household goods and per-
sonal property awarded to her.

In pursuance of the temporary decree, the real
estate and personal property of the parties (except
Royal Oak lots, accounts receivable, and an insur-
ance policy) were sold by the trustee.  The total re-

ceipts from the sale, together with $330.98 of accounts receivable, amounted to $11,883.13.

On May 3, 1941, the trial court entered a final decree, in effect affirming defendant's absolute divorce and also directing that the expenses of the sale in the amount of $391.78, the "outstanding debts of the parties" in the amount of $3,005.73, plaintiff's attorney's fees of $125 and defendant's attorneys' fees of $165, all be paid and deducted from the above-mentioned sum of $11,883.13, leaving a balance of $8,195.62. The decree provided further that one-third of such balance, *viz.*, $2,731.87, and $500, representing one-half the cash surrender value of a life insurance policy on plaintiff's life and $150, representing the value of the Royal Oak lots, making a total of $3,381.87, be paid to defendant "on or before 30 days from the date hereof." The decree gave defendant a lien upon the real estate for the payment of such sum and provided further that such sum should "be in lieu of alimony and dower" and "in full satisfaction of any and all claims" of defendant.

Defendant appeals from such decree, contending that the award of $3,381.87 in lieu of alimony and dower was not adequate for her support and maintenance and was not an equitable division of the property; and also that such award was an abuse of discretion by the trial court.

No rights of children are involved, as the two sons born of the marriage and an adopted daughter have reached maturity. The record does not contain all the testimony adduced in the divorce trial in support of the respective charges of cruelty. On appeal we are confined to the record and cannot consider facts not appearing therein. *Sims* v. *Sims*, 298 Mich. 491.

In reviewing an award in lieu of dower and for permanent alimony, we have repeatedly recognized the rule stated in *Tyson* v. *Tyson*, 283 Mich. 192, as follows:

"The amount to be awarded in lieu of dower and for permanent alimony rests largely in the discretion of the trial court; and it is only where there is a manifest abuse of that discretion that its award will be interfered with on appeal. *Bialy* v. *Bialy*, 167 Mich. 559 (Ann. Cas. 1913 A, 800).'

In *Bradley* v. *Bradley*, 292 Mich. 370, we said:

"On review, we will not interfere with the trial court's disposition of the property interests unless convinced that we would have reached a different conclusion had we occupied the situation of the trial court in the proceedings. *Brookhouse* v. *Brookhouse*, 286 Mich. 151; *Stratmann* v. *Stratmann*, 287 Mich. 94."

See, also, *Barry* v. *Barry*, 291 Mich. 666; *Walton* v. *Walton*, 290 Mich. 48; *Wood* v. *Wood*, 288 Mich. 14.

Defendant raises some objection to plaintiff's being allowed to purchase the farm property from the trustee, at auction sale, for a price of $6,800. The record indicates that plaintiff was the highest bidder for such property, and in the absence of a showing of fraud, undue advantage, or inadequacy of price, such objection is without merit.

The trial court saw and heard the parties and their witnesses and was in a better position to determine the equities of the situation. We have carefully studied the record and find no manifest abuse of discretion by the trial court, nor are we convinced that we would have reached a different conclusion had we occupied the position of the trial court. In view of all the facts and circumstances pertaining

to the award and division of the properties, we believe no costs should be allowed.

The decree is affirmed but without costs.

CHANDLER, C. J., and BOYLES, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.