AUSTIN *v.* AUSTIN.

1. EVIDENCE—HEARSAY—INQUIRIES BY FRIEND OF THE COURT.
   Replies to letters written by the friend of the court to friends of the court in other cities were properly excluded as hearsay at hearing on petition to modify decree of divorce.

2. APPEAL AND ERROR—PETITION TO AMEND DECREE OF DIVORCE—DE NOVO REVIEW.
   On appeal from order denying petition to amend decree of divorce, the Supreme Court considers the case *de novo.*

3. DIVORCE—FAMILY ALLOWANCE PAID BY FEDERAL GOVERNMENT—CREDIT ON ALIMONY.
   Under record failing to show whether family allowance paid by Federal government was paid to second-class petty officer of navy or directly to his divorced wife who had been awarded custody of their two children, if paid directly such sums should be credited on alimony allowance for support of the wife and children.

4. SAME—ALIMONY—DISCRETION OF COURT.
   The modification of provisions of a decree for alimony for support of wife and children is within the discretion of the trial court and exercise of such discretion will not be interfered with unless it has been abused.

5. SAME—MODIFICATION OF DECREE—EVIDENCE—ALIMONY—CHANGE OF CONDITIONS.
   On husband's petition to modify provisions of decree of divorce as to $20 a week award of alimony for support of wife and children where it appears that husband was earning $70 a week at time divorce was granted and $133.50 per month while serving as a second-class petty officer in the navy, there was a failure to show such a change in the conditions or circumstances of the parties as would justify modification of the decree in particular sought.

6. SAME—MODIFICATION OF DECREE—CUSTODY OF CHILDREN. ·
   Testimony of change of circumstances pertaining to wife's custody of children adduced on petition to modify terms of decree of divorce was insufficient to justify modification in such respect.

7. SAME—COSTS—MODIFICATION OF DECREE—ALIMONY.
   No costs are allowed plaintiff wife upon affirmance of order denying husband's petition to modify decree of divorce as to alimony in view of the financial condition of the parties.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 6, 1944. (Docket No. 49, Calendar No. 42,578.) Decided February 24, 1944.

Bill by Addie Austin against Harold Austin for divorce on ground of cruelty. Decree for plaintiff. Petition by defendant to modify decree. Petition denied. Defendant appeals. Affirmed.

*Jacob F. Fahrner,* for plaintiff.

*Cleary & Weins,* for defendant.

STARR, J. Plaintiff and defendant were married in October, 1936, and two children were born of the marriage. In July, 1941, plaintiff began divorce proceedings and in February, 1942, obtained an uncontested decree granting her an absolute divorce and custody of their two children. The decree also granted plaintiff alimony of $20 a week for the support of herself and the children until they were 17 years of age or until the further order of the court. At the time the decree was entered, defendant was earning $70 or more a week.

In July, 1943, defendant was notified of his induction into the armed forces, and with the permission of his draft board he enlisted in the navy. On July 26, 1943, he filed a petition to amend the divorce decree so as to reduce the weekly alimony allowance and to remove the two children from plaintiff's custody. Testimony was taken indicating that as a

second-class petty officer in the navy, he would receive base pay of $96 per month and a family allowance of $37.50 per month, or a total of $133.50. It also appeared that if he was in overseas service, he would receive an additional 20 per cent. of his base pay, or $19.20 per month.

Plaintiff testified that she had worked a short time in a beer garden at a wage of $15 a week; that she was not working at the time of the hearing; and that she had no property or income aside from the alimony allowance. There was some testimony which did not reflect credit on plaintiff's personal conduct, but which was clearly not serious enough to justify removing the children from her custody.

The friend of the court, who was called as a witness by defendant, testified that she had made no personal investigation in this case but had written to the friends of the court in two cities. Defendant sought to question her regarding information contained in the replies to her letters. The trial court properly ruled that such information was hearsay and should be excluded. The friend of the court did not "report the result of his findings in writing" as required by 3 Comp. Laws 1929, § 12785, as amended by Act No. 306, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12785, Stat. Ann. 1943 Cum. Supp. § 25.173).

The trial court entered an order denying defendant's petition to amend the decree, and he appeals from such order. We consider the case *de novo*.

Defendant's base pay and family allowance amounted to $133.50 a month, and the alimony allowance of approximately $85 a month left him a balance of nearly $50 a month. As he will have little necessary expense while in the navy, this balance should be sufficient for his personal needs. The record does not show whether the family allowance to defendant of $37.50 a month will be paid to him or

to plaintiff. We hold that all sums which may be paid directly to plaintiff for the benefit of herself and the children should be credited on the alimony allowance of $20 a week.

The modification of the decree was within the trial court's discretion, and we have repeatedly held that we will not interfere with the exercise of such discretion unless it has been abused. *Stein* v. *Stein,* 303 Mich. 411; *Schuch* v. *Schuch,* 299 Mich. 539; *Barry* v. *Barry,* 291 Mich. 666; *Wood* v. *Wood,* 288 Mich. 14. Under the facts and circumstances shown in the present case, there was no abuse of discretion in continuing the alimony allowance of $20 a week.

Defendant failed to show such a change in the condition and circumstances of the parties as would justify modification of the decree as to alimony and the custody of the children. *Sims* v. *Sims,* 298 Mich. 491; *Foltz* v. *Foltz,* 281 Mich. 179.

The order of the trial court denying defendant's petition to amend the decree is affirmed. In view of the financial condition of the parties, no costs are allowed.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.