## NEWBERRY *v.* NEWBERRY.

1. DIVORCE—MODIFICATION OF DECREE—DISCRETION OF COURT—SUPPORT OF CHILDREN.

    Trial judge did not abuse his discretion in not raising payments awarded plaintiff wife for support of 2 children of the parties to more than $100 per month for each child after husband, subsequent to decree, became a beneficiary under his grandfather's will and the recipient of $1,000 a month including income from employment.

2. SAME—MODIFICATION OF DECREE—DISCRETION OF COURT—SUPPORT OF CHILDREN.

    The modification of provisions of decree for divorce for support of children is within the discretion of the trial court and the exercise of such discretion will not be interfered with unless it has been abused.

3. SAME—MODIFICATION OF DECREE—MISTAKE—PREJUDICE.

    Affirmance of modification as to sum awarded for support of 2 children of divorced parties is without prejudice as to change of date when modified payments should start, where appellant wife claims the trial judge mistakenly used the date he ordered for retroactive operation of the modification, such alteration to be made, if at all, by the trial judge.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 17 Am Jur, Divorce & Separation § 703.
[4] 17 Am Jur, Divorce & Separation §§ 662, 664.
[5] 17 Am Jur, Divorce & Separation § 581.

4. SAME — ARREARAGES — LIENS — ATTORNEY FEE — DISCRETION OF COURT.

Appellant wife's claim that arrearages on alimony should have been required to be paid at a faster rate than ordered by trial judge when modifying decree as to sum awarded for support of children, that a lien should have been imposed and receiver appointed to secure payment thereof, and that plaintiff's counsel should have been awarded more than $300 attorney fee, *held*, matters for the determination of the trial judge as to which the record shows no abuse of discretion.

5. SAME—MODIFICATION OF DECREE—COSTS.

No costs are allowed wife on her appeal from modification of decree in her favor, when modification is affirmed.

Appeal from Wayne; Webster (Arthur), J. Submitted October 11, 1951. (Docket No. 85, Calendar No. 45,271.) Decided January 7, 1952.

Divorce proceedings between Nellie M. Newberry and Phelps Newberry, Jr. On petition of plaintiff for modification of decree relating to support for children. Decree modified. Plaintiff appeals. Affirmed.

*Harry H. Mead* and *George Stone,* for plaintiff.

*Charles F. Delbridge, Jr.,* for defendant.

NORTH, C. J. In this divorce case a petition was filed in August, 1949, by the plaintiff wife for a modification of the decree touching the provision therein for the support and maintenance of 2 sons born of the marriage of these parties. In the pro confesso divorce decree granted September 19, 1946, a property settlement entered into by the parties was approved and apparently for that reason no alimony was awarded to plaintiff, who married her present husband October 7, 1946. The decree provided that plaintiff should have custody of the 2 children and that the defendant should pay $50 per month for the support and maintenance of the children. The chil-

dren were then approximately 3 and 4½ years of age, respectively. In plaintiff's present petition for modification of the decree it is stated that "such order of $50 per month was based upon the fact that defendant at the time of the entry thereof was without sufficient income to make larger payments." The trial judge found that as of May 1, 1950, defendant was in default in payment of the amounts provided to the extent of approximately $1,850, he having paid only $350. In July, 1949, defendant became a beneficiary under a testamentary trust created by his grandfather and now has an income of upwards of $1,000 per month, including income from his employment. Plaintiff petitioned for an increase for the support and maintenance of the minor children to the amount of $600 monthly. For some reason, not appearing in the record, final determination of plaintiff's petition was not made until June, 1951. In the meantime this proceeding had been referred to the friend of the court, who on January 18, 1951, filed a detailed report, covering 13 pages of the printed record. Each of these parties filed objections to the report of the friend of the court; and a hearing before the court was had. The report of the friend of the court resulted in a recommendation that the amount payable for the support and maintenance of the 2 minor children should be increased from $50 per month to $200 per month. The reported arrearages which had accrued under the original decree as of December 1, 1950, amounted to $2,200. The circuit judge in his opinion was in accord with the foregoing finding of the friend of the court; but the circuit judge added $2,600 (13 months at $200 per month retroactive to May 1, 1950), which made a total in arrears in June, 1951, when the court filed its opinion, of $4,450. After hearing counsel quite at length, the trial judge filed an opinion and in accord therewith in June, 1951,

entered an order modifying the decree by providing that until the children respectively become 17 years of age the monthly payments should be increased to $100 per month for each of the children, such increase to commence as of May 1, 1950; and that as to defendant's defaulted payments in the amount of $4,450 he should also make payment thereon at the rate of $100 per month, commencing on the date of the order modifying the decree "which payments shall be in addition to the above-mentioned payments of $200 per month." This appeal by plaintiff is from the order modifying the decree. The defendant did not appeal.

The substance of plaintiff's contention is that the modified order is insufficient in the amount provided therein for the support of the 2 minor children, now approximately of the age of 8 and 9½ years, respectively; and that the provision for the payment of arrearages "at the rate of only $100 per month" is inadequate.

We have considered all of the facts appearing in the record, which are presented therein in much detail. No purpose would be accomplished by reciting the details in this opinion. We deem it sufficient to say that the result of our consideration is that there is no merit to plaintiff's appeal, because it cannot be said that in any of the particulars asserted by plaintiff, the circuit judge, in making the modification of the decree above noted, was guilty of any abuse of discretion. On numerous occasions we have held that this Court will not alter the determination of the trial court in cases of this nature unless there is a clear abuse of discretion evidenced in the result reached by the trial court.

In the case of *Austin* v. *Austin,* 308 Mich 139, in a like proceedings, we said:

"The modification of the decree was within the trial court's discretion, and we have repeatedly held

that we will not interfere with the exercise of such discretion unless it has been abused. *Stein* v. *Stein,* 303 Mich 411; *Schuch* v. *Schuch,* 299 Mich 539; *Barry* v. *Barry,* 291 Mich 666; *Wood* v. *Wood,* 288 Mich 14."

Under the modified decree defendant is now required to pay $300 per month for the support and maintenance of the 2 children. In view of all the pertinent facts appearing in the record, we would not be justified in reversing the circuit judge or in modifying his order by holding that in fixing the amount of payments by defendant, as provided in the modified decree, there was an abuse of discretion. Instead, our conclusion is that this record does not disclose any abuse of discretion on the part of the trial judge in the modification made by him of the provisions of the decree for the support and maintenance of the 2 minors.

Further, appellant contends that the retroactive provision for payments at the rate of $200 per month should have required such payments from the date plaintiff's petition for modification was filed— *i.e.,* August, 1949, instead of May 1, 1950. It is asserted in her brief that it is "the customary rule that the increase should begin from the time the petition for modification is filed;" and in her reply brief it is noted that in his filed opinion the circuit judge erroneously stated that: " 'The petition for modification was dated May 1, 1950, (instead of August, 1949)' " and the circuit judge added: " 'I am of the opinion that the increased support should date from May 1, 1950.' " In consequence the plaintiff's reply brief states:

"The trial court mistakenly inserted May 1, 1950 as the commencement date instead of August 16, 1949, in the order. * * * Where an obvious error was made by the trial court, it certainly should be corrected here."

If the circuit judge inadvertently made a mistake, as now claimed by appellant, it is passing strange that when the order of modification was made 19 days after the opinion containing the alleged mistake was filed, this now asserted error was not called to the trial court's attention by appellant's counsel as might have been done. If the date of May 1, 1950, was inadvertently fixed by the circuit judge, any correction in respect thereof should be made by him. Our decision herein is without prejudice to the right of the trial court, on proper application, to exercise his discretion in making correction (if any) of the order of modification; but on the showing made on this appeal we decline to make such correction.

Consideration has been given to the following claims made by appellant: (1) That because of defendant's substantial monthly income, payments on his arrearages of more than $100 per month should have been ordered; (2) That a lien should be imposed upon the testamentary trust, from which defendant as a beneficiary receives at least $900 a month, "to secure payment to said minor children of the amounts which may be ordered by this Court, and that a receiver be appointed, if necessary, to effectuate such purpose;" and (3) That appellant's counsel should be awarded an attorney fee payable by appellee of more than $300, which was the amount fixed by the circuit judge. We are not in accord with appellant's contention in any of the 3 particulars. Each of the contentions presented is a matter for determination by the circuit judge in the exercise of his discretionary judgment. The record does not disclose abuse of discretion in respect to any of these claims.

The modification of the decree as ordered by the circuit judge is affirmed, but without costs. The case is remanded to the circuit court of Wayne county

with jurisdiction to hear and determine any further proceedings therein.

Dethmers, Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.