## SCHMIEDEKNECHT *v*. LUCIE.

1. DIVORCE—CHILD SUPPORT—AMENDMENT OF JUDGMENT.

   It is necessary for a person seeking amendment of a divorce judgment by increase of child support payments to show new facts or a change in condition of the parties in order to justify such an increase.

2. SAME—ACTION TO INCREASE CHILD SUPPORT—NATURE OF PROCEEDING.

   A proceeding to amend a divorce judgment to provide for increased child support is neither a rehearing of the original case nor a review of the equities of the original judgment.

3. SAME—CHILD SUPPORT—POWER TO MODIFY JUDGMENT—STATUTE —DISCRETION.

   A court has the power to modify its divorce judgments concerning the support of children, such modifications being within the discretion of the trial court (CL 1948, § 552.28).

4. SAME—CHILD SUPPORT—MODIFICATION OF JUDGMENT—DISCRETION.

   Appellate courts will not interfere with the exercise of discretion by a trial court in modifying a divorce judgment unless that discretion has been abused.

5. SAME—CHILD SUPPORT—MODIFICATION OF DECREE—DISCRETION OF TRIAL COURT.

   Order by a trial court increasing child support payments required from the father from $75 per week to $99 per week, *held*, not an abuse of discretion where there was evidence that the father's income had increased since the divorce, and that it costs more to support the children after they have come of school age.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 846.
[2–4] 24 Am Jur 2d, Divorce and Separation § 844.
[5] 24 Am Jur 2d, Divorce and Separation §§ 844, 846–848, 850.
   Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

Appeal from Muskegon, Engel (Albert J.), J. Submitted Division 3 March 5, 1968, at Grand Rapids. (Docket No. 3,483.) Decided August 29, 1968.

Motion by Donna Lucie Schmiedeknecht in her divorce action against James Lucie to increase the amount paid by defendant to plaintiff for child support. Increase of $24 per week granted. Defendant appeals. Affirmed.

*White, Spaniola, Knudsen & Stariha,* for plaintiff.

*Poppen, Street & Sorensen,* for defendant.

HOLBROOK, P. J. Plaintiff commenced divorce proceedings against defendant on August 14, 1959. There were 3 children of the marriage, born in 1956, 1957, and 1958. Temporary support for the children was ordered by the court on October 20, 1959, of $25 per week per child. A decree of divorce was granted plaintiff on July 20, 1960. Plaintiff was awarded certain property and custody of the 3 minor children. Extensive visitation rights were granted defendant. Support at the rate of $75 per week was awarded for the children, and alimony was awarded to plaintiff of $25 per week, subject to terminate upon plaintiff's remarriage. The amount of support and alimony was agreed upon by both parties and recommended to the court to be a part of the divorce decree.

On November 15, 1961, plaintiff filed a petition to modify visitation rights. She filed a further petition to increase child support on January 3, 1962. Defendant countered with a petition for change of custody. The 3 petitions were heard together and all were denied.

In 1966, a petition was presented by plaintiff to modify the visitation rights of defendant which was heard and determined with some modifications made.

On February 2, 1967, plaintiff's motion to increase support payments was filed, which is the subject of this appeal.

The trial judge, after a hearing, ordered support payments for the 3 children to be increased from $75 per week to $99 per week, and in accord with defendant's offer ordered defendant to pay for orthodontic treatment for the children as needed.

The defendant appeals from that part of the order increasing the support payments from $75 to $99 per week. The issue on appeal is stated in the question: *Did the plaintiff prove new facts or a change in the condition of the parties arising since entry of the original divorce decree sufficient to justify its modification to increase the children's support from $75 per week to $99 per week?*

The defendant asserts that plaintiff failed to show new facts or a change in circumstances of the parties and therefore was not entitled to have the divorce judgment modified by increasing the allowance for support of the children. Defendant cites *Gould* v. *Gould* (1924), 226 Mich 340; *Baxter* v. *Baxter* (1941), 296 Mich 567; *Verbeke* v. *Verbeke* (1958), 352 Mich 632, as authority for his position. We agree with defendant that it was necessary for plaintiff to show new facts or a change in condition of the parties in order to justify the increase of child support ordered.

It is true that a proceeding under a petition for modification of a judgment of divorce pertaining to child support is neither a rehearing of the original case nor a review of the equities of the original judgment. *Fischer* v. *Fischer* (1948), 320 Mich 176.

To properly treat the issue before us it is necessary to review the evidence to determine if there

were new facts or a change in circumstances of the parties.

The income tax returns for defendant for the years 1960 to 1965 and the profit and loss statement for defendant for 1966 were introduced in evidence. These reflect that defendant received from the practice of his profession as a doctor of osteopathy the following increases of income over the year of 1960 when the divorce was granted: $7,029.76 in 1964, $5,916.21 in 1965, and $4,635.18 in 1966. There was testimony showing that it cost plaintiff more to support the 3 children in 1967 because of their ages— 8, 9, and 10, as compared to 2, 3, and 4 when the divorce was granted. Plaintiff's testimony relating to her bill of particulars, showed increased expenses for support of the children of $73 per month for items not required in caring for children of preschool age. Also listed were additional expenses for transportation of the children to and from their activities. There was testimony indicating an increase in costs for necessities such as food, clothing, etc.

CL 1948, § 552.28 (Stat Ann 1956 Rev § 25.106) grants the court authority to revise and modify its divorce judgments concerning support of children. Such modifications have been ruled to be within the discretion of the trial court. *Newberry* v. *Newberry* (1952), 332 Mich 265. Our Supreme Court has repeatedly held that it will not interfere with the exercise of that discretion unless it has been abused. *Austin* v. *Austin* (1944), 308 Mich 139, 142. See, also, *Bialy* v. *Bialy* (1911), 167 Mich 559, 565; *Stalker* v. *Stalker* (1945), 313 Mich 209; *Billingsley* v. *Billingsley* (1946), 315 Mich 417. In the case of *Spalding* v. *Spalding* (1959), 355 Mich 382, 384, 385, Mr. Justice Talbot Smith defined judicial discretion. Although there are conflicting views held by the parties in the instant case, we determine as did Mr. Justice Talbot Smith in *Spalding* v. *Spalding, su-*

pra, p 384, that "the kind of determination before us requires a weighing of human and economic factors of the utmost complexity, a weighing that can best be accomplished at the local level, not in these chambers."

Upon the record, we cannot say that the trial judge abused his discretion in the determination made.

Affirmed. Costs to appellee.

QUINN and MCINTYRE, JJ., concurred.