FARR v FARR

(REGELIN v FARR)

DIVORCE—PARENT AND CHILD—CHILD SUPPORT—MODIFICATION—RET-
ROACTIVE INCREASE.

An increase in periodic child support payments may not take
effect prior to the time a petition to modify the payments has
been filed, barring exigent circumstances; therefore, a trial
court abused its discretion by ordering increased payments
from the actual date of the changed circumstances in the
obligated parent's earnings, which was approximately 22 weeks
prior to the filing of the petition.

Appeal from Muskegon, Charles A. Larnard, J.
Submitted May 14, 1975, at Grand Rapids. (Docket
No. 21152.) Decided August 27, 1975.

Petition by Glenda Regelin, formerly Glenda
Farr, plaintiff in an action for divorce against
defendant Bruce L. Farr, for a modification of the
judgment of divorce to increase child support.
Modification granted. Defendant appeals. Reversed
and remanded.

*White, Spaniola, Knudsen, Stariha & Potuznik,
P. C.* (by *Darrel G. Brown),* for plaintiff.

*Clifford J. Murphy,* for defendant.

Before: D. E. HOLBROOK, P. J., and ALLEN and
D. E. HOLBROOK, JR., JJ.

ALLEN, J. The instant appeal concerns an issue

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 852.

of first impression in the state. May an order modifying periodic payments for child support be made retroactive to the date a father's income changed? We think not.

The parties were divorced July 2, 1973, with the judgment of divorce ordering defendant to pay $51 per week ($17 a week per child) for maintenance of the three minor children of the parties. At that time, defendant's earnings were $125 a week which, according to the Muskegon County child support tables, then called for support of $51 per week. November 13, 1973—some four months after the divorce—defendant's net earnings increased to $254.73 which, by projection of the Muskegon County support tables, would call for payments of $138.84 per week. This is $87.84 per week more than the $51 per week support initially ordered.

Plaintiff, the former wife, who had remarried and had become employed, did not file her petition for increased support until April 19, 1974, a date approximately 22 weeks after the former husband's salary was increased. June 3, 1974, defendant filed a petition alleging that on May 5, 1974, his net earnings dropped back to $125 per week and asked that the support for the three children be left as provided in the original decree. Following hearings on the issue and an interim order not relevant to our decision, the trial court entered the following order which constitutes the core of the instant dispute:

"IT IS FURTHER ORDERED that defendant shall pay to the plaintiff the sum of $2,108.16 representing an amount which should have been paid by the defendant in increased child support over the period from November 15, 1973, through May 4, 1974, if defendant had reported an increase in his income from $125.00

per week to $254.73 per week net, which he earned over that period of time."

The source of judicial authority for modifying decrees encompassing child support is MCLA 552.17; MSA 25.97:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

It is apparent that the provision contains no express authority for retroactive application of an order modifying child support.[1] However, child support has been increased retroactively to the date of the filing of the petition for increase.[2] Likewise, child support has been retroactively *decreased* by wiping out or reducing accrued amounts in arrearage.[3]

Our research of the subject from other jurisdictions indicates the majority of cases prohibit retroactive application of orders modifying periodic child support.[4] Some courts rule that neither retroactive periodic child support increases nor reim-

---

[1] In *Foregger v Foregger,* 40 Wis 2d 632; 162 NW2d 553, 559 (1968), the Wisconsin Supreme Court reversed a retroactive increase in periodic child support, after construing a provision similar to MCLA 552.17; MSA 25.97 as envisioning only prospective relief.

[2] In *Newberry v Newberry,* 332 Mich 265; 50 NW2d 774 (1952), the Supreme Court implicitly approved of court practice making increased periodic support payments retroactive to the date the modification petition is filed.

[3] Our Supreme Court has authorized the cancellation of *arrearages* in child support under special circumstance. *See e.g. Pronesti v Pronesti,* 368 Mich 453; 118 NW2d 254 (1962), *Wellman v Wellman,* 305 Mich 365; 9 NW2d 579 (1943).

[4] *See Retrospective Increase in Allowance for Alimony, Separate Maintenance, or Support,* 52 ALR3d 156 (1973).

bursement for past expenditures are permissible.[5] Other courts, while regarding modification of installment payments as prospective only, would permit reimbursement of unanticipated expenses that have accrued prior to a petition for modification of the decree.[6] Although there exists judicial language to the effect that child support payments may be modified retroactively as well as prospectively,[7] we are cogent of no case which squarely holds that an increase in periodic child support payments, justified by an increase in the obligated parent's income, may permissibly relate back to the date when the parent received the salary increase. This Court declines to adopt the proposition just stated, because we think it is unduly onerous to order a parent who has made payments pursuant to a court decree to make up the difference between the amount of child support he paid and the amount he could have paid if the parent in custody had come into court and requested the increase at the time the obligated parent's income had changed.[8] Moreover, such a rule might under-

---

[5] *Penn v Morgan,* 7 Wash App 794; 502 P2d 1238 (1972), *Oakes v Cummings,* 47 Ala App 327; 253 So 2d 784 (1971), *Baker v Bursch,* 374 P2d 31 (Okla, 1962), *Karminski v Karminski,* 23 NYS2d 141, 143; 260 App Div 491 (1940), *Adair v Superior Court,* 44 Ariz 139; 33 P2d 995 (1934). The rationale appears to be bottomed upon the sanctity of the decree: "Any other rule would invite constant squabbles over alleged extra expenditures for the support and maintenance of children of divorced parties, where the court had already fixed a sum for such support." *Karminski, supra* at 144.

[6] *Ford v Ford,* 24 Cal App 3d 62; 100 Cal Rptr 817 (1972), *Fuchs v Fuchs,* 260 NC 635; 133 SE2d 487, 492 (1963).

[7] *Johnson v Johnson,* 241 Md 416; 216 A2d 914 (1966), *Crane v Crane,* 26 Tenn App 227; 170 SW2d 663, 665 (1942), *Wilson v Wilson,* 143 Me 113; 56 A2d 453, 456 (1947).

[8] Suppose X consistently made child support payments for ten years without the parent in custody ever petitioning the court for modification, even though X had received several raises during the period. Suddenly the parent in custody petitions for an increase in child support based solely upon the increased wages received by X since the initial decree. Would it be fair for the court to order X not only to

mine the goal of assuring support to the child at regular intervals by discouraging the parent who consistently pays what is due pursuant to the decree in existence.[9]

We conclude that, barring exigent circumstances,[10] an increase in periodic child support payments may not take effect prior to the time a petition to modify has been filed. Since the appellee based her request for an increase in child support payments on the increased earnings of appellant, the lower court abused its discretion by ordering appellant to pay increased periodic support payments from the actual date of the initial changed circumstance.

Reversed and remanded for entry of an order not inconsistent with this opinion.

---

pay an increase prospectively, but in addition, require him to pay the difference between the amount he had timely paid for ten years and the amount he might have been required to pay had the parent in custody requested an increase at the earlier date? Until the filing of the petition, ought not X have every right to expect (discounting exigent circumstances), that payment under the initial decree satisfied his past financial responsibility to the children?

[9] This is not a case where the divorce decree contains an escalator clause or a provision which requires the parent making support payments to notify the court of any salary change. Nor is this a situation where it would have been impossible for the parent in custody to ascertain the existing level of the obligated parent's income due to geographical distance, etc.

[10] The instant case must be distinguished from a case involving exigent circumstances. For example, an order compelling reimbursement of expenses due to unanticipated medical care for the child is permissible even if the amount accrued prior to the filing of a petition for modification. *Davis v Davis,* 8 Mich App 104; 153 NW2d 879 (1967):

"Emergencies and changes in circumstances in rearing a child of divorced parents sometimes arise for which the support provisions of a divorce judgment may be inadequate. A judgment of divorce requiring the father of a minor child to pay a set sum per week * * * may be amended if a change in circumstances warrants or requires such action. * * * There was no abuse of discretion by the trial judge in this case in amending the support payments to cover a portion of the unanticipated and already-accrued expenses necessary to the health of the daughter."

No cost, neither party having fully prevailed.[11]

Judge D. E. HOLBROOK, JR., concurs in result only.

---

[11] Defendant has not fully prevailed since plaintiff is entitled to an additional $87.50 per week commencing April 19, 1974 through May 4, 1974.