HART v. HART.

1. Divorce—Custody of Children.
    Court has power to award custody of children to parent residing outside of State.

2. Same—Modification of Decree—Custody of Children.
    Denial of petition to modify modified decree of divorce as to custody of children is affirmed, where record does not contain showing made as basis for original and modified decrees and insufficient showing is made that present custodians of children are unfit.

Appeal from Ingham, Carr (Leland W.), J. Submitted January 19, 1933. (Docket No. 93, Calendar No. 37,573.) Decided April 3, 1934.

Bill by Freda Hart (now Shelton) against Verlin Hart for divorce. Cross-bill by defendant. Plaintiff appeals from order denying her petition to modify decree as to custody of children. Affirmed.

*Wilkins & Campbell,* for plaintiff.

FEAD, J. In decree of divorce, entered September 29, 1930, custody of two children, girls, then ten and eight years old respectively, was awarded to defendant. By modified decree of September 8, 1932, the custody was changed to Minnie DeGraw, defendant's mother. The testimony is not wholly clear but it seems that both before and after the date of modification the children were living with defendant in Toledo, Ohio. They have remained there with him since the last decree. September, 1933, plaintiff filed the instant petition for modification of decree to award her the custody of the children. After hearing, the petition was denied, the court finding that Mrs. DeGraw is a proper custodian and that there has been no material change since the entry of the modified decree of September, 1932.

There was testimony that Mrs. DeGraw is recipient of welfare aid from the city of Lansing; that defendant is living in a respectable home with the children in Toledo but the neighborhood is not good; that plaintiff, when she visited the children in July, 1933, found that the oldest daughter did not understand the matter of personal hygiene; and that plaintiff and her present husband have a good home,

bear good reputations and are willing to take care of the children.

The fact that the children are in Toledo does not compel a modification of the decree because the court has power to award custody to a parent residing outside the State. *Kane* v. *Kane,* 241 Mich. 96.

If this were an initial proceeding for custody, the testimony would incline to plaintiff's contention that she is able to take care of the children better than is defendant or his mother. The showing upon which the court entered the original and modified decrees is not before us. We must assume it presented compelling reasons to the court to cause it to deny plaintiff custody of the children in view of the fact that the mother usually can and does give them better care than the father. Starting from that premise, we are not able to find testimony which overcomes the former determination of the court and so clearly shows the unfitness of Mrs. DeGraw as official custodian and of defendant as actual custodian of the children that we can say the former decrees, entered after mature consideration by the court, should be set aside and the custody committed to plaintiff.

Affirmed, without costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.