## SARGENT *v.* SARGENT.

1. DIVORCE—CUSTODY OF CHILDREN—FITNESS OF MOTHER.

   In wife's petition to modify decree of divorce a second time so as to restore custody of young children to her, evidence sustained finding that she is now a proper person to have custody of the children and that they will be well taken care of by her.

2. SAME—CUSTODY OF CHILDREN—DISCRETION OF COURT.

   The trial judge's disposition of matter of custody of young children of divorced parents, even when changed from one parent to the other, will not be interfered with if the court did not abuse his discretion in coming to his conclusion as to what was best for the welfare of the children even though it appears both parties were proper persons to have such custody.

3. SAME—CUSTODY OF YOUNG CHILDREN—DISCRETION OF COURT.

   Where custody of 4-year-old boy and 2-year-old girl was given to mother when decree of divorce was granted father and two months later it was awarded to father because of mother's misconduct, an order modifying the decree some three years later re-awarding custody to mother and awarding her $6 a week for each child *held,* not an abuse of discretion, evidence disclosing proximity of mother's home to city school, long distance from father's home to school, and long absence of father in armed service from the home while children were in his custody.

Appeal from Ingham; Coash (Louis E.), J. Submitted October 8, 1947. (Docket No. 30, Calendar No. 43,804.) Decided January 5, 1948.

Divorce proceedings by Valeta Sargent against Vernon Sargent. On petition of plaintiff for amendment of decree to give her custody of minor children. Decree amended. Defendant appeals. Affirmed.

*Hubbard, McCullough & Fox,* for plaintiff.

*Shields, Ballard, Jennings & Bishop* and *Jesse D. Parks,* for defendant.

Butzel, J. Valeta Sargent, plaintiff, brought suit for divorce against Vernon Sargent, defendant, on December 2, 1942. The defendant filed an answer and cross bill. On June 11, 1943, the circuit judge rendered a decree of divorce on the cross bill filed by defendant. Under its provisions, aside from granting the divorce to defendant, the custody of the two minor children of the parties, a boy and a girl of the ages of 4 and 2 years respectively at the time, was given to the plaintiff.

On August 18, 1943, the decree was modified so as to give the custody and control of the children to defendant. There was evidence that plaintiff had neglected the children and conducted herself in a manner that necessitated the amendment of the original decree.

On November 30, 1946, plaintiff petitioned the court for a further amendment of the decree so as to re-award the custody of the children to her. Her petition was granted, and an amended decree to that effect was entered. The decree, as amended, also requires the defendant to pay $6 a week for the support of each child. Defendant appeals from this amended decree.

Plaintiff testified at the hearing on her petition that in November, 1943, a few months after the modification of the original decree, and, also, twice thereafter, she interviewed the trial judge and asked him what she should do to recover the custody of her children; that he told her to remain in Lansing and make a good name for herself. She followed this advice and has established a very fine reputation.

It appears that very shortly after the amendment to the original decree defendant was inducted into the United States Navy and was subsequently sent overseas. When he entered the service, he placed the children in the home of his brother, who lives in the country not far from Lansing.

Both of the parties have remarried. Plaintiff and her husband, Earnest Johnson, also a veteran, reside in Lansing in a six-room modern home which they are purchasing. The lot on which it is built is but little more than a stone's throw from a Lansing school, and includes a yard in which the children can play. Mr. Johnson is gainfully and steadily employed and is desirous of having the children in his home. He promises to do everything in his power to look after them. Plaintiff has an infant child by her new husband.

Defendant and his wife own a farm not far distant from Lansing. The farm home is 1.4 miles from a country school which the children attend. There is no question but that the children have been receiving proper care from the defendant and his new wife.

During the years that elapsed since custody of the children was given to the defendant, plaintiff has continued to see them at frequent intervals, and has been permitted at times to take them to her own home. She has given them loving care and the children appear to be genuinely fond of her. No showing has been made that the conduct of either the plaintiff or the defendant has been anything but exemplary since the amended decree was entered. Defendant has attempted to raise an unjustifiable inference from an incident in plaintiff's life during the period, but we shall not dignify it by any further reference to it. It is defendant's contention that plaintiff has forfeited her right to the custody of the children by pursuing a course of conduct

shortly after the original decree was entered which led the court to take custody of the children away from her.

The trial judge who rendered the original decree is now a member of this Court. Another judge heard the testimony on the petition to restore the custody of the children to plaintiff. It was shown by several witnesses that plaintiff's conduct has been most commendable. She has worked hard at honorable and gainful pursuits, remained home most of the time, sewed and bought clothes for the children and carefully looked after them when she had them temporarily. She is extremely anxious to give them a mother's care and affection. The friend of the court filed a report with the court which was corroborated by the testimony of one of his assistants, as well as by other witnesses. The following statement was made therein:

"I have had, more or less, contact with this case since 1943. For the past several years, to my knowledge, the plaintiff has conducted herself in a proper manner and I am satisfied has lived a wholesome life. From what the children have told me in the past, they admire their mother and have indicated to me that they would like to live with her.

"I know of no reason from a moral standpoint why the plaintiff is not entitled now to have custody of her children."

We are convinced that the record shows that plaintiff is now a proper person to have custody of the children, and that they will be well taken care of by her. While it is true that the custody was taken away from her for proper reasons in 1943, she has done everything possible to redeem herself in the eyes of the court and the public by her good conduct and behavior ever since.

The testimony shows that plaintiff was only 16 years of age when she married defendant, and 21 when she lost the custody of the children. It is claimed that her delinquency was due to her extreme youth. We will not pass judgment on the questions raised whether a modern home with ample bedrooms and convenience and with a city school in close proximity to the home are more advantageous for the children than a farm house and a country school 1.4 miles distant therefrom. The sole question is whether the court abused its discretion, after seeing and hearing plaintiff and the other witnesses, by awarding the custody of the children to plaintiff. We have held in these unfortunate cases that in awarding the custody of minor children on the separation of parents, a court of chancery has discretionary powers to consider the varying elements entering into each case and to make such disposition as the best interests of the child appear to demand; that if there is not an abuse of discretion, we will uphold the decree of the trial court. *Davis* v. *Davis,* 296 Mich. 711; *Austin* v. *Austin,* 308 Mich. 139. Under the peculiar conditions of this case, we do not believe there was an abuse of such discretion.

Our attention is called to a number of cases wherein we declined to disturb the *status quo* when it was sought to transfer the custody of children from one divorced parent to the other. Undoubtedly it is disturbing to the children to have their home ties disturbed. They find themselves confused and insecure. It will be found that in all these cases we affirmed the trial judge if the court did not abuse his discretion in coming to his conclusion as to what was best for the welfare of the children.

In *Lazell* v. *Lazell,* 271 Mich. 271, a case that in many respects resembles the instant one, we affirmed

the decree of the trial judge, who refused to order the custody of the child transferred from the father to the mother. In the instant case, the father was away from home almost the entire time with the exception of 11 months, from the date of the first amended decree until the filing of plaintiff's petition. In *Lazell* v. *Lazell, supra,* the child involved was a boy over nine years of age, who for over five years had been with his father, formerly a rural school teacher. The boy was doing good school work, enjoyed farm life, had a very fine companionship with the father, and was seemingly happy. The mother was a good woman, and had she been able to care for the boy, she would have been entitled to his custody at the time of the original decree. In the instant case, the children are much younger and, while the father and his new wife are persons of good character, nevertheless, there has not been the close association of many years between the children and the father as in the *Lazell Case.*

Under the peculiar facts of the instant case, we cannot say that the judge abused his discretion in giving the custody of the children to the plaintiff.

The court will undoubtedly permit the children to visit their father at regular intervals and to stay with him for longer periods during the summer months, and during the latter periods the judge may see fit to suspend payments for the support of the children. We do not feel that the provision for the payment of $6 a week for the support of each child is excessive.

The decree as amended is affirmed, with costs to plaintiff.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred. Carr, J., did not sit.