REYNOLDS *v.* REYNOLDS.

1. DIVORCE—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES—CUSTODY OF CHILDREN.

On mother's petition for modification of decree of divorce so as to award her custody of their six-year-old boy, the statute making mother prima facie entitled to care and custody of children under 12 years of age and evidence of change of conditions, including a definite change in her own attitude, her remarriage and establishment of new home justified modification of decree changing custody from boy's somewhat elderly paternal grandparents to his mother (3 Comp. Laws 1929, § 12852).

2. SAME—CUSTODY OF CHILDREN—CONTINUING JURISDICTION OF CIRCUIT COURT.

After decree of divorce the trial court still has jurisdiction to consider whether the best interests of the children will be subserved, and whether the mother is a fit person to continue having the custody (3 Comp. Laws 1929, § 12739).

3. SAME—COSTS—BRIEF.

No costs are allowed appellee-mother on husband's appeal from order modifying decree of divorce as to custody of children where modifying order is affirmed.

REID and DETHMERS, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am. Jur., Divorce and Separation, § 684.

Appeal from Calhoun; McDonald (Archie D.), J., presiding. Submitted June 10, 1948. (Docket No. 58, Calendar No. 44,121.) Decided December 17, 1948.

Divorce proceedings by Harold I. Reynolds against Ferne B. Reynolds. On petition of defendant for modification of decree relative to custody of child. Petition granted. Plaintiff appeals. Affirmed.

*R. G. Leitch,* for plaintiff.

*Ronald M. Ryan,* for defendant.

BOYLES, J. The sole question here is as to who shall have the custody of a boy, now six years of age, the issue of the marriage between the parties hereto. In May, 1944, plaintiff was granted an uncontested decree of divorce from the defendant, and by the decree the custody of the minor was given to his paternal grandmother, in accordance with an agreement between the parties which the court approved. The plaintiff was decreed to pay $5 per week for the child's support. He has since remarried.

In March, 1947, the defendant filed a petition to amend the decree, and to give her the custody of the child. The plaintiff opposed granting the petition and an extended hearing was held before Judge Archie D. McDonald, acting in Calhoun county. At its conclusion, Judge McDonald filed an opinion reviewing the facts and the law, and concluded that it would be for the best interests of the minor to grant future custody to his mother, the defendant Ferne B. Reynolds, who had remarried and had become Ferne B. Robinson. From such amended decree the boy's father appeals.

The testimony adduced by the plaintiff in opposing the change of custody relates largely to the facts and circumstances as they existed at and before the time the decree of divorce was granted in 1944. Admittedly the defendant had made "mistakes" which then afforded ample ground for divorce. At that time she agreed that custody of the child should be given to the plaintiff's mother. She had no home and was without means to take care of the child. Doubtless there was a further reason for not giving her the custody, that under the proofs shown the court probably would not have found her to be a fit person. The testimony taken at the hearing on the instant petition shows a definite change in her attitude as well as her circumstances. She remarried in March, 1946, and lives with her husband in the home he owns in Urbandale, a part of Battle Creek. She is now happily married, neither of them uses intoxicating liquor, her husband works steadily. He also had been previously divorced, and is paying alimony for the support of three children by a former marriage. She testified:

"Since I met my husband I haven't drank a thing. We don't have it in the house. My husband won't allow it. I feel because I am older now that I have a different outlook upon things. My age had a great deal to do with the indiscretions of which I have been guilty in the past."

The proofs establish that the defendant's present husband is a good parent, and that he desires to have the child in their home. The child would have the advantages of school, Sunday school, clothing, medical attention, and the care of his mother. Admittedly the home would be a proper place for the child.

Since the divorce the boy has been in the custody of his grandparents who live in Vermontville, a village in Eaton county. There is no question whatever

but that they have a proper home in which to care for the boy, and the proof is equally convincing that they are proper persons to have the care and custody of the boy. It may be their misfortune but certainly not their fault that they are somewhat elderly people (she is 54, the husband is past 70). She was divorced from a former husband in 1939, and married her present husband the same year. They have a good home, but no independent income except that he is receiving about $30 per month "from social security." They acquired their present home in October, 1946. When they first took the custody of the boy they lived in Kalamazoo. In October, 1945, they went West in a house trailer, taking the boy with them, for about 5 months, then lived in Constantine until October 10, 1946. They would like to keep the boy.

The circuit judge thus had evidence of two good homes and two families who contested for the custody, where either home would be a proper place to leave the boy. However, the court had ample proof of a change of conditions since the boy's mother, the defendant here, had consented to the custody being decreed to the boy's paternal grandmother. It shows that the boy's mother now has a proper home, with ample means, and is now a proper person to have the custody. Under such conditions, the court took into consideration the change in her circumstances as well as the appearance of the witnesses and their manner of testifying before him, and also gave consideration to the statute by virtue of which in case of a separation the mother is prima facie entitled to the care and custody of children under 12 years of age. 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311).

"Evidence that mother was unfit to have custody of her four-year-old son or has relinquished such right by contract must be clear and convincing in

order to deprive her of his custody in view of statute giving her first claim to custody of children under the age of 12 years (3 Comp. Laws 1929, § 12852)." *Burkhardt* v. *Burkhardt* (syllabus), 286 Mich. 526.

"After decree of divorce the trial court still has jurisdiction to consider whether the best interests of the children will be subserved, and whether the mother is a fit person to continue having the custody (3 Comp. Laws 1929, § 12739).*

"While the welfare of a child is always the concern of the court in suits for divorce, the mother is, by statute, prima facie entitled to the custody of a three-year-old child (3 Comp. Laws 1929, § 12852)." *Gorton* v. *Gorton* (syllabi), 316 Mich. 375.

On January 5, 1948, we decided a case where the facts are quite parallel to those in the case at bar. In that case the husband was granted a decree of divorce and shortly afterward, because of the misconduct of the wife, the custody of the minor children was given to him. Later, when she desired to recover the custody, the trial judge told her "to remain in Lansing and make a good name for herself." She followed this advice and established a very fine reputation. Both parties to the divorce remarried, and both had established satisfactory homes. The children were in the actual custody of the husband in his new home. After three years she filed a petition to modify the decree and give her the custody. Her petition was granted by the trial judge and the order was affirmed by this Court on appeal. The Court said:

"We are convinced that the record shows that plaintiff is now a proper person to have custody of the children, and that they will be well taken care of by her. While it is true that the custody was taken away from her for proper reasons in 1943, she has done everything possible to redeem herself in the

* Stat. Ann. § 25.97.—Reporter.

eyes of the court and the public by her good conduct and behavior ever since.

"The testimony shows that plaintiff was only 16 years of age when she married defendant, and 21 when she lost the custody of the children. It is claimed that her delinquency was due to her extreme youth. * * * The sole question is whether the court abused its discretion, after seeing and hearing plaintiff and the other witnesses, by awarding the custody of the children to plaintiff. We have held in these unfortunate cases that in awarding the custody of minor children on the separation of parents, a court of chancery has discretionary powers to consider the varying elements entering into each case and to make such disposition as the best interests of the child appear to demand; that if there is not an abuse of discretion, we will uphold the decree of the trial court. * * *

"Under the peculiar facts of the instant case, we cannot say that the judge abused his discretion in giving the custody of the children to the plaintiff." *Sargent* v. *Sargent*, 320 Mich. 33.

In these cases the controlling question is, what is for the best interests of the minor. The trial court has the advantage of seeing and hearing the witnesses and in this case, from a reading of the record, we are not convinced that we would have reached a different conclusion. The decree is affirmed. The circuit court has the power to make any future order as to the custody, should changes in conditions require further modification for the best interests of the child. For that purpose, and for enforcement of the decree, the case is remanded. No costs awarded.

BUSHNELL, C. J., and SHARPE, NORTH, BUTZEL, and CARR, JJ., concurred with BOYLES, J.

DETHMERS, J. (*dissenting*). I am not in accord
with the idea that, when custody of a child below
12 years of age was denied the mother at the time
of divorce because of her unfitness and awarded to
the paternal grandmother who was found to be a fit
person therefor, the court, upon the mother's subse-
quent petition for modification of decree to award
custody to her, may give, as Mr. Justice BOYLES
writes, "consideration to the statute by virtue of
which in case of a separation the mother is prima
facie entitled to the care and custody of children
under 12 years of age. 3 Comp. Laws 1929, § 12852
(Stat. Ann. § 25.311)." Neither case cited (*Burk-
hardt* v. *Burkhardt,* 286 Mich. 526; *Gorton* v. *Gorton,*
316 Mich. 375) supports it. The *Burkhardt Case*
presented the question of whether the custody
awarded to the mother upon divorce should be so
continued. The *Gorton Case* was an appeal from
the original decree of divorce awarding custody to
the mother and involved no petition for modification
thereof. The two cases go no further than to recog-
nize that the mother is, under the statute, prima
facie entitled, at the time a divorce is decreed, to
have the custody of children under 12 years of age
awarded to her and thereafter to retain it unless and
until it be shown that she is unfit or, for other rea-
sons, the welfare of the children requires otherwise.

In point is *Hart* v. *Hart,* 266 Mich. 564, in which
custody of 2 daughters below 12 years of age was
awarded to the father and later, by amended decree,
to the paternal grandmother. Three years after the
divorce the mother petitioned for modification of
decree to award her custody of the children upon a
showing that she had remarried and now had a good
home for the children. Denial of her petition was
affirmed, this Court saying:

"If this were an initial proceeding for custody,
the testimony would incline to plaintiff's contention

that she is able to take care of the children better than is defendant or his mother. The showing upon which the court entered the original and modified decrees is not before us. We must assume it presented compelling reasons to the court to cause it to deny plaintiff custody of the children in view of the fact that the mother usually can and does give them better care than the father. Starting from that premise, *we are not able to find testimony which* overcomes the former determination of the court and *so clearly shows the unfitness of Mrs. DeGraw [paternal grandmother] as official custodian and of defendant as actual custodian of the children that we can say the former decrees,* entered after mature consideration by the Court, *should be set aside* and the custody committed to plaintiff."

Similar is *Bishop* v. *Bishop,* 286 Mich. 567, in which neither party was found to be unfit to have custody of the children and, therefore, in accord with the agreement of parties, custody of the 6-year-old son was awarded to the mother and that of the 10-year-old daughter to the father by the original decree of divorce. Later the mother petitioned for modification of the decree to give her custody of the girl. The trial court granted the modification, which this Court reversed on the ground that, while the mother was not unfit to have custody, the change in her circumstances since divorce, in that she had remarried and now had a home for and desired the girl, was not such change as to warrant change of custody inasmuch as the girl was being well cared for by her father.

It is not enough for the mother to show a change for the better in her life or circumstances. A change for the worse in the boy's care or in conditions in the grandmother's home or other valid reasons why his welfare requires the change are prerequisites to the mother's right to have the decree modified to award custody to her after her unfitness at the time of the

divorce had deprived her of the preference which she normally would have enjoyed under the statute. The custody awarded to the father or paternal grandmother, because of the mother's unfitness, may not, if the welfare of the child is to continue to be considered, be treated as of such temporary . or transitory tenure as to be continually dependent upon how the mother happens to be behaving from time to time.

Mr. Justice BOYLES quotes from *Sargent* v. *Sargent*, 320 Mich. 33. It will be noted that decision in that case was in no wise predicated upon the theory that the mother, after losing custody of the children because of her unfitness, would be entitled to reacquire such custody because of the preference accorded her, in the first instance, by the statute. Rather, this Court said, "The sole question is whether the court abused its discretion, after seeing and hearing plaintiff and the other witnesses, by awarding the custody of the children to plaintiff. We have held * * * that * * * a court of chancery has discretionary powers * * * to make such disposition as the best interests of the child appear to demand." In determining, in that case, whether the trial court had abused its discretion, recourse must, of necessity, have been had to the record, which disclosed language in the opinion of the trial court reading, in part, as follows:

"The court is concerned with what is best for the children. The testimony showed that the children, if custody is granted to the mother, could attend the public schools in Lansing, one of which is only a few hundred feet from the home of the plaintiff. The children have to travel some distance to attend country school where they now reside with defendant. The court believes that there would be other conditions which would be advantageous to the children if they were to reside in Lansing with their

mother. * * * She has a good home, and the school advantages of the children would be better if they were living with the mother. * * * The children themselves have also indicated that they would like to live with the mother. * * * There is no question in the court's mind but what the real mother can give more love and attention to these children than the present wife of defendant."

From this, it is apparent that the trial court in the *Sargent Case* was moved by the consideration that the welfare and best interests of the children required changing their custody from the father to the mother. Consequently, that case cannot be said to be authority for the proposition that custody of children awarded to the father at the time of divorce because of the mother's unfitness may subsequently be awarded to the mother merely on the strength of the statute, upon a showing that she has become fit but without a showing and finding by the court that the welfare and best interests of the children require such change in custody.

In the instant case the trial court found no change of circumstances in the grandmother's home or in relation to the care of the boy. Neither did it find that the mother's home or care would be better for him, or that, for any other reason, the welfare of the child required the change. Rather, the court seems to have been confronted, as suggested in Mr. Justice Boyles' opinion, with "evidence of two good homes and two families who contested for the custody, *where either home would be a proper place to leave the boy,*" under which circumstances the court had recourse to the statute and concluded that by reason thereof preference should be accorded to the mother. This was not in keeping with the meaning of our decisions in *Hart* v. *Hart, supra,* and *Bishop* v. *Bishop, supra.*

In Mr. Justice BOYLES' opinion appears the statement that "In these cases the controlling question is, what is for the best interests of the minor." In cases where custody of children below 12 years of age had been awarded to the father or paternal grandparents, and they were being cared for properly there, we have held that it is not for their best interest to uproot them from their present homes (*Sawyer* v. *Sawyer*, 312 Mich. 524), that a change of environment is ordinarily not conducive to their welfare (*Johnson* v. *Johnson*, 318 Mich. 21), and that it is not good to disturb the status quo unless the court finds it necessary or proper for the good of the child (*Lazell* v. *Lazell*, 271 Mich. 271). In these cited cases, as in the *Hart* and *Bishop Cases*, *supra*, the fact that the mothers' positions had improved since divorce, that they were remarried and now had homes and could and would take proper care of the children did not avail, upon petition for modification, to take custody from the fathers or paternal grandparents by whom such children were being cared for properly. See, also, *Smith* v. *Ritter*, 292 Mich. 26; *Joslyn* v. *Ohlmacher*, 229 Mich. 181.

The decree amending the original decree of divorce should be reversed and set aside, without costs.

REID, J., concurred with DETHMERS, J.