ELY *v.* ELY.

1. APPEAL AND ERROR—CHANCERY CASES—MODIFICATION OF DIVORCE DECREE—DE NOVO HEARING.

   A petition to modify decree of divorce as to custody of children, being a chancery case, is heard by the Supreme Court *de novo* on the record.

2. DIVORCE—CUSTODY OF CHILDREN.

   In determining who should have the custody of a child involved in suit for divorce, the prime consideration is the welfare of the child.

3. SAME—CHILDREN AS WARDS OF THE COURT.

   Children of divorced parents are, in a sense, wards of the court and their welfare must be guarded.

4. SAME—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES.

   In passing on petition to modify decree of divorce as to custody of children, there must be shown a change of circumstances to justify changing custody.

5. SAME—CUSTODY OF CHILDREN—STATUTES.

   Authority to revise or alter a decree of divorce with reference to the custody of minor children is expressly granted by statute (3 Comp. Laws 1929, § 12739).

6. SAME—CUSTODY OF 10-YEAR-OLD BOY—FITNESS OF MOTHER— CHANGE OF CIRCUMSTANCES—PLEADING—EVIDENCE.

   Where neither the husband's petition to modify divorce decree so as to give him custody of 10-year-old boy alleges, nor proofs show, that mother to whom his custody had been awarded by decree was an unfit person to have such custody or that

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 17 Am. Jur., Divorce and Separation, § 683.

[4, 5] 17 Am. Jur., Divorce and Separation, § 684.

[8] Order in divorce or separation proceeding concerning removal of child from jurisdiction, and award of custody to nonresident. 154 A.L.R. 552.

her situation with reference to her ability to care for him in a proper manner has changed since the original decree was granted, she may not be deprived of his custody (3 Comp. Laws 1929, § 12852).

7. SAME—CUSTODY OF CHILDREN—SUPREME COURT—RECORD.

In determining whether or not a decree of divorce should be modified as to custody of children, the Supreme Court must be governed by record before it and is not concerned with the personal feelings of the parents toward one another.

8. SAME—CUSTODY OF CHILDREN—REMOVAL FROM STATE—FITNESS OF MOTHER—VISITATION—MODIFICATION OF DECREE.

Where decree of divorce is silent on matter of removing 10-year-old boy from the State and mother, to whom his custody had been awarded, claims such removal was temporary only and appears to have continued to be a fit person to have his custody and it does not appear that a hardship is imposed upon father in going to near-by city in another State to visit his son or that his right of visitation was interfered with, there is no occasion for modifying decree to award boy's custody to father.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted October 6, 1948. (Docket No. 36, Calendar No. 44,157.) Decided December 17, 1948.

Divorce proceedings by Alice Ely against Lloyd Ely. On motion of defendant for modification of decree so as to give him custody of minor child. Decree modified. Plaintiff appeals. Reversed and remanded.

*Sauer & Sauer*, for plaintiff.

*Robert E. A. Boyle*, for defendant.

CARR, J. Plaintiff obtained a decree of divorce from defendant in August, 1941, on grounds of extreme and repeated cruelty, and was granted the custody of the child of the parties, Gordon Ely, who was born November 28, 1938. The decree further provided that defendant should contribute to the

support of the child. In 1946, by order based on stipulation of the parties, an amendment was made granting to defendant the right to visit Gordon and to be visited by him. In March of the present year, defendant filed a petition asking that the decree of divorce be modified in such manner as to give him the custody of the child. As the basis for such relief, defendant alleged that plaintiff had remarried, and that the child, without defendant's consent, was called by the name of the stepfather. It was further asserted in the petition that plaintiff had placed the boy with her relatives in LaGrange, Indiana. Plaintiff, by answer to the petition, denied that she had done anything to cause the name of the child to be changed or to create the impression that he was the son of the stepfather.

At the hearing on the petition for modification plaintiff and defendant were the only witnesses examined. The latter testified in substance that he had remarried during the month following the granting of the decree of divorce, that he had a good home, and was able financially to care for the child. He also claimed that he had learned that Gordon was registered in school under the name of the stepfather, and that for some weeks preceding the hearing the boy was with plaintiff's parents in LaGrange, Indiana. Defendant did not claim that he was prevented from seeing the boy because of his location, or that going to LaGrange from Sturgis, where defendant lived, was attended with any difficulty or hardship. Plaintiff denied that she had caused the boy to be registered in school under the name of the stepfather, although her testimony suggested that she was aware that Gordon's playmates referred to him by the stepfather's name, that she had taken no action to prevent such a situation arising, and was in fact not averse thereto. She claimed further that for business reasons she and her husband found

it necessary in March, 1948, to change their residence temporarily, and that at that time the child was left with her parents in LaGrange in order that there might be no interference with his school work during the year. Plaintiff insisted that such arrangement was temporary merely, and entered into solely for the purpose indicated. Plaintiff offered her parents and husband as witnesses, but they were not sworn because the trial court indicated that he did not care to hear them. An order was made modifying the decree in accordance with the prayer of the petition, and plaintiff has appealed.

The proceeding being in equity, this Court hears it *de novo* on the record. The prime consideration in the determination of the question at issue is the welfare of the child. *Winn* v. *Winn*, 243 Mich. 587; *Sims* v. *Sims*, 298 Mich. 491, 496. In the case last cited it was said:

"Our first consideration is for the welfare of this minor child. The desires, claims, and affections of the parents must yield to the course that is best for the welfare, happiness, and future of the child. We have repeatedly recognized the rule that children of divorced parents are, in a sense, wards of the court and their welfare must be guarded. *Smith* v. *Ritter*, 292 Mich. 26; *Chadwick* v. *Chadwick*, 275 Mich. 226; *Herman* v. *Wayne Circuit Judge*, 236 Mich. 604. The original decree was obtained by plaintiff in an uncontested suit. We, therefore, assume such decree, when entered, was, so far as the possession and visitation of the child is concerned, proper and satisfactory to both the court and plaintiff.

"The only question before us is whether there has been any change of circumstances or new facts arising since the original decree was entered which warrant the modification granted."

Authority to revise or alter a decree of divorce with reference to the custody of minor children is expressly granted by 3 Comp. Laws 1929, §. 12739 (Stat. Ann. § 25.97). Said section reads as follows:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require."

It must be assumed that at the time the original decree was granted, in 1941, the court found that plaintiff was a fit and proper person to have the custody of the child, and that she was able to assume the obligations incumbent on such custody. No claim is made in the instant proceeding that such condition has not continued to exist down to the present time. Defendant's testimony indicates that he considered plaintiff to be a good mother to the boy, and he voiced no criticism with reference to her home or the home of her parents. It may be noted further that plaintiff's testimony as to the nature of the arrangement under which the boy was living with her parents was not contradicted. It must be assumed, therefore, that such arrangement was temporary only and entered into for the purpose claimed by plaintiff. There is nothing to indicate that the welfare of the child was in any way prejudiced by his remaining with his grandparents for the remainder of the school year.

As above noted there is nothing in defendant's petition, or in the proofs, indicating that plaintiff is an unfit person to have the custody of the child or that the situation with reference to her ability to care for him in a proper manner has changed to the prejudice of the child since the granting of the origi-

nal decree. The following statement in *Geark* v. *Geark,* 318 Mich. 614, may well be applied in the case at bar.

"The petition failed to allege facts showing that the mother of the children was an unfit person to have the custody, or that the petitioner was a fit person. Nor did the court make a finding that the defendant is not a fit person to have such custody, and the record here is barren of any proof which would support such a finding. Such proof is necessary, to deprive the mother of the right of custody. 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311); *Riemersma* v. *Riemersma,* 311 Mich. 452."

The record indicates that the trial judge thought that plaintiff had acted improperly in leaving the child with her parents, and insisted that Gordon should be returned to this State immediately. Plaintiff testified in substance that she did not understand that the decree forbade her to take the child across the State line. There is in fact nothing in the decree imposing such restriction. In *Epstein* v. *Epstein,* 234 Mich. 200, discussed by counsel in their briefs, the original decree contained provisions specifically authorizing taking the child in question to other States for visits, which provisions clearly carried with them an implied restriction against taking the child out of the State except as expressly provided. Plaintiff, who had the custody of the child, petitioned for a modification of the decree so that she and her husband might remove to New York. The petition was granted by the trial court, and this Court by its decree approved such action. In *Kane* v. *Kane,* 241 Mich. 96, the power of the court to award custody of a child to a parent who resided without the State was expressly recognized. See, also, *Hart* v. *Hart,* 266 Mich. 564.

No claim is made that any provision of the statutes of this State forbids one having the custody of

a child of divorced parents to take such child out of the State, nor that any rule of public policy is violated thereby. The power of the court to impose in the decree proper restrictions in such regard is not involved in the instant case.

In determining the question at issue, we must necessarily be governed by the record before us. The testimony taken on the hearing before the trial court does not indicate that the mother has, since the granting of the original decree, become an unfit person to have the custody of the boy, or that her ability to care for him in proper manner has been in any way lessened or impaired. With the personal feelings of the parents toward one another, we are not concerned. No showing has been made that the welfare of the child requires or justifies taking his custody from plaintiff and giving it to defendant. The record is barren of proof that there has been any such change in circumstances affecting the welfare of the child as permits the modification of the decree in the manner sought by defendant.

An order will enter vacating the order of the trial court amending the decree, and remanding the case to the circuit court. Plaintiff may have costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.