### COOLEY *v.* COOLEY.

1. ADOPTION—EVIDENCE—PROBATE FILES—ADMISSION IN DIVORCE PROCEEDING.

Record of adoption proceedings of plaintiffs wife's illegitimate child by another man before divorce from defendant was properly excluded in her subsequent petition for custody of the son of the parties, where statute relating to adoption proceedings prohibits public inspection of the adoption proceedings except upon order of a court of record and no such order appears to have been made (CL 1948, § 710.11).

2. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.

The Supreme Court reviews the record of chancery cases *de novo.*

3. DIVORCE—CUSTODY OF CHILDREN—DISCRETION OF COURT.

A court of chancery has discretionary powers in a suit for divorce to make such disposition as the best interests of the child appear to demand.

4. SAME—CUSTODY OF CHILDREN—SUPREME COURT.

The Supreme Court will uphold a trial court's decree as to the custody of minor children in a suit for divorce in the absence of an abuse of discretion.

5. SAME—CUSTODY OF CHILDREN—DISCRETION OF COURT—FITNESS OF MOTHER.

It was not an abuse of discretion for trial court to award the custody of a 6-year-old child to the mother, where, assuming

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 2 Am Jur, Appeal and Error, § 2; 3 Am Jur, Appeal and Error, § 815.
[3] 17 Am Jur, Divorce and Separation, §§ 675, 683.
[4] 3 Am Jur, Appeal and Error, § 959.

she had committed an indiscretion shortly after the birth of the child, it should not outweigh 6 years of subsequent good conduct, she has remarried, can provide a good home for the child, and the father has re-enlisted in the armed forces for a period of 6 years; notwithstanding that child has been given a good home and excellent care by a stranger.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 10, 1950. (Docket No. 72, Calendar No. 44,907.) Decided December 5, 1950.

Divorce proceedings between Vernabelle Cooley and William Cooley. On petition of plaintiff for amendment of decree so that plaintiff will have custody of minor child. Decree amended. Defendant appeals. Affirmed.

*Robert A. Carr, Jr.,* for plaintiff.

*R. Burr Cochran,* for defendant.

Sharpe, J. In October, 1946, plaintiff, Vernabelle Cooley, filed a bill of complaint against defendant, William Cooley, for the purpose of securing a divorce. Defendant entered his appearance in November, 1946. The parties entered into an agreement relating to the future custody of their son, born June 21, 1943, in the event that a divorce was granted to plaintiff. The decree of divorce was granted December, 1946. The decree, incorporating the agreement, reads, in part, as follows:

"It Is Further Ordered, Adjudged and Decreed that the care, custody and control of the minor child of the parties, namely Alvin, born June 21, 1943, shall be placed in Mrs. Edward Geier, and that said child shall be kept at her home located at 1880 Elwood street, Muskegon, Michigan, until the defendant, who is now in the armed forces on overseas duty, returns to the United States, at which time either

party to this suit may petition the court for the custody of said minor child.

"PROVIDED, HOWEVER, that the plaintiff, Vernabelle Cooley, shall be privileged to see and enjoy the company of said minor child at all reasonable times, and shall be further privileged to take the said child and have him in her possession twice each month on week ends from Friday at 4:30 p.m. to Sunday at 6:30 p.m., or at any other time that the said plaintiff and Mrs. Edward Geier may agree upon."

On June 10, 1949, plaintiff filed her petition to amend the decree for the purpose of obtaining custody of the minor child. In the petition she alleges that she has remarried and she and her present husband are purchasing a home; that petitioner's husband is employed and earning approximately $65 per week; and that she and her husband are anxious to have custody of said child.

Defendant filed an answer to the petition in which he alleges that Mr. and Mrs. Geier have had custody of the child since he was 10 weeks old, that plaintiff is not a fit person to have the care, custody and control of said child for the reason that she is the mother of an illegitimate child which was placed for adoption; and that she is guilty of frequenting taverns and drinking intoxicating liquors to excess.

During the trial of the cause, defendant sought to introduce in evidence the files of the probate court, claiming that by the introduction of such records in evidence there would be proof that plaintiff gave birth to a child by another man on August 28, 1944, prior to divorce from defendant; and that said child was later adopted. Plaintiff objected to admitting the records of the probate court in evidence on the ground that an admission by plaintiff that she had committed adultery is inadmissible in evidence under CL 1948, § 617.67 (Stat Ann 1949 Cum Supp § 27.916); and that assuming the adoption file does

show plaintiff committed adultery, it is no more than an admission and as such subject to the statute. The trial court denied the admission of this file in evidence and later granted plaintiff custody of the child.

In an opinion filed, the court stated:

"It appears without question that Mrs. Geier has given the child a good home and has displayed unusual interest in its welfare. When it is considered that there is no evidence of any misconduct on the part of plaintiff during the last 5 years and that she is probably able to give the child good care and attention, it appears to me that she should have custody of the child until it is 17 years of age or until further order of the court, and therefore deem it unnecessary to determine whether or not she was guilty of infidelity resulting in her giving birth of a child of another man in the summer of 1944. Defendant has re-enlisted in the army for a period of 6 years and is presently in Germany. The mother is entitled to the child against a stranger, even though the latter has given the child a good home and excellent care. We are concerned with the present fitness of the mother to take proper care of the child. There is absolutely no proof of the mother's unfitness or misconduct in the last 5 years, and she should be given custody of the child until, or unless it appears that she is then unfit to properly care for the child and give it a suitable home."

A decree was entered accordingly. Defendant appeals and urges that the trial court was in error in excluding from consideration the alleged adulterous conduct of plaintiff. Assuming that a record of adoption proceedings on file in the probate court contains a petition for adoption signed by plaintiff showing that a child was born to her by a man other than her husband during the summer of 1944, the requirements of CL 1948, § 710.11 (Stat Ann

1949 Cum Supp § 27.3178 [551]) were not complied with in order to have the file admitted in evidence. The above statute provides that the record of proceedings in adoption cases shall not be open to public inspection except upon order of a court of record. In the case at bar the record is silent of a request for such an order or that such an order was made. In the absence of such an order there was no authority to admit the file in evidence.

Defendant also urges that the welfare of the child, under the circumstances of this case, requires that plaintiff be denied an award of custody. The trial court found as a fact that there was a failure of any proof of plaintiff's misconduct during the last 5 years. In chancery cases we examine the record *de novo* and have done so in this case and are in complete accord with the finding of facts by the trial court. In awarding the custody of minor children, a court of chancery has discretionary powers to make such disposition as the best interests of the child appear to demand. See *Sargent* v. *Sargent*, 320 Mich 33. In the absence of an abuse of discretion, we will uphold the decree. See *Austin* v. *Austin*, 308 Mich 139. Assuming that an indiscretion was committed 6 years prior to the hearing on the petition for amendment of the decree, in our opinion such indiscretion should not outweigh 6 years of subsequent good conduct. In our opinion there was no abuse of discretion on the part of the trial court in awarding custody of the minor child to plaintiff.

The decree is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.