## SEAMAN *v.* SEAMAN.

1. APPEAL AND ERROR—DIVORCE—DE NOVO REVIEW.

An appeal from an order dismissing petition to modify custodial provisions of decree for divorce is heard *de novo* by the Supreme Court on the record presented to it.

2. DIVORCE—CUSTODY OF CHILDREN—RECORD.

Record on appeal from order dismissing remarried father's petition to modify decree of divorce as to custody of boy, now 11 years of age, *held,* insufficient to lead to a conclusion that the interests of the boy would best be served by granting the petition or modifying order appealed from, where it appears that the boy's own mother and the stepmother each tries to alienate the boy's affection from the other, whenever custody is changed.

3. SAME—REMAND—CUSTODY OF CHILDREN—CONTINUING JURISDICTION OF TRIAL COURT.

A trial court has continuing jurisdiction of a suit for divorce wherein is involved the custody of an 11-year-old boy after remand of case from Supreme Court for purposes of construing previous orders, and for consideration of further circumstances (CL 1948, § 552.17).

Appeal from Houghton; Brennan (Leo J.), J. Submitted June 10, 1955. (Docket No. 49, Calendar No. 46,540.) Decided October 3, 1955.

Following decree of divorce granted Mildred Seaman against Wyllys R. Seaman, the defendant petitioned for modification of decree in respect to cus-

REFERENCES FOR POINTS IN HEADNOTES
[2] 17 Am Jur, Divorce and Separation § 683.
[3] 17 Am Jur, Divorce and Separation § 674 *et seq.*

tody or visitation of minor child. Petition dismissed. Defendant appeals. Affirmed.

*Stephen D. Condon,* for plaintiff.

*Irving M. Hart* and *Edward H. Dembowski,* for defendant.

BOYLES, J. The only question here for decision is whether the plaintiff, or on the contrary the defendant, shall have the custody of their son David, now about 11 years old, the sole issue of their marriage, during certain periods of time each year.

These parties were divorced in the circuit court for Houghton county in September, 1947. The decree—which was contested—provided that the plaintiff

"shall have the exclusive care, custody, control and education of David Arthur Seaman, subject to the right of visitation on the part of said defendant, until such child shall arrive at the age of 6 years and that thereafter commencing in the summer vacation next ensuing, after said child attains the full age of 6 years, the said defendant, shall have the care, custody and control of said child for and during such summer vacation periods, only, until said child shall attain the age of 17 years or until the further order of this court, subject to like right of visitation during said period on the part of the said plaintiff."

In May, 1950, the plaintiff filed a petition to modify the decree as to custody, setting up that the minor had attained the age of 6 years, was in her custody in Houghton, Michigan, that since the decree was granted the defendant had remarried in 1947, resided in Connecticut, that the welfare of the minor was affected by the hostility of the defendant's second wife against the plaintiff, that the

decree placed temporary custody of the minor at times beyond the jurisdiction of the court, that the defendant was delinquent in alimony and support payments more than $1,000, that the defendant's wife was employed and that the minor was left to shift for himself when the defendant had temporary custody. The petition was contested, a hearing held, and in August, 1950, the court entered an order modifying the decree for custody as follows:

"The defendant, Wyllys R. Seaman, shall have the care, custody, and control of said David Arthur Seaman for 1 month during the summer school vacation period of the year 1950 at the city of Alpha, Michigan, at the home of the grandparents of said child, Mr. and Mrs. Wyllys A. Seaman, subject to the written approval for removal and certification of release and instructions of the child's attending physician, W. W. Baumgartner, M.D., of Houghton, Michigan, after which 1-month period said David Arthur Seaman shall be returned to the care, custody, and control of plaintiff until the further order of the court.

"It is further ordered, adjudged and decreed that said minor child, David Arthur Seaman, shall not be removed from the State of Michigan until the further order of the court."

In September, 1950, the defendant filed a petition to modify the alimony provisions of the decree requiring him to pay alimony and for support of the minor. In December, 1950, the court by stipulation of the parties entered an order terminating alimony payments for plaintiff at the end of January, 1949, and providing for changes in the payment by the defendant for the support of the minor in varying amounts from $30 to $50 per month until the minor became 17 years of age.

In May, 1953, the defendant again filed a petition to modify the decree as modified in August, 1950, setting up that the defendant had moved to Saginaw,

Michigan, asking for custody in his home in Saginaw or, in the alternative, that he be granted custody during the summer vacation months each year, and on alternate holidays. The petition was contested, a hearing held in July or August, 1953, and the court filed a lengthy opinion and findings reciting or consolidating the testimony, citing authorities, and concluding as follows:

"The court concludes and is of the opinion that the petitioner has not met the burden of proof required of him indicating that the court should modify or revise the custodial provisions in the modified decree of divorce. It has not been shown that the mother, Mildred Seaman, is not of good moral character and that there are any conditions existing in her home which make it an unfit place to raise the minor child, David Arthur Seaman, or that there have been any changes in circumstances warranting any further revisions or modifications. It is apparent to the court that the child is being properly raised under good conditions and his physical and spiritual needs are being fully safeguarded. Neither has there been any indication in any of the testimony offered that the mother of said child has in any way at any time denied the father, the petitioner herein, the right of reasonable and proper visitation. Her attitude in such respect has been rightful and just. The equities here predominate heavily in favor of the child's mother. The welfare of the child will be better safeguarded by permitting the mother to retain full custody and control."

Thereupon the court, in October, 1953, entered an order accordingly, dismissing defendant's petition, from which the defendant, on October 29, 1953, filed a claim of appeal. By stipulations, or at appellant's request, the time for settling the record was extended by the trial court to April, 1954. The appeal was submitted here, on briefs, on June 10, 1955.

We hear the appeal *de novo*,* and the brief testimony which appears in the record has been considered. A recital of the facts as shown would needlessly burden an opinion and is not necessary. The main complaint seems to be that the plaintiff and the defendant's present wife each tries to alienate the boy's affection from the other whenever the custody is changed. The trial court patiently heard this matter through its various petitions and we find nothing here which could lead to a conclusion that the interests of this minor would best be served by granting the defendant's petition for custody, or for modification of the order appealed from. If there is a misunderstanding between these parties as to the purport or meaning of the said order entered in August, 1950; if either of the parties has any further circumstances to bring before the trial court; or if the best interests of the minor should so require, the trial court still will have jurisdiction to hear and determine the same. CL 1948, § 552.17 (Stat Ann § 25.97); *Buck* v. *Buck,* 320 Mich 624 (2 ALR2d 1325); *Reynolds* v. *Reynolds,* 323 Mich 332; *Rybinski* v. *Rybinski,* 333 Mich 592.

The order dismissing defendant's petition is affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.

---

* *Ely* v. *Ely,* 323 Mich 269.