GORDON v. GORDON

1. DIVORCE—PROPERTY DIVISION—CHILDREN—CUSTODY—DISCRETION.
   A trial court has broad discretion with respect to division of property and custody of children in a divorce action.

2. DIVORCE—PROPERTY DIVISION—DISCRETION.
   Awarding each party in a divorce action an undivided one-half of their dwelling house, subjected to the stipulation that the house was not to be sold until their minor child reached her eighteenth birthday, or until plaintiff-wife remarries or dies was not an abuse of trial court's discretion.

3. DIVORCE—CHILDREN—WELL-BEING.
   The Court of Appeals will not disturb a trial court's order in a divorce action which properly seeks to insure the continued well-being of a minor child by ordering that the family home not be sold until the child reaches its eighteenth birthday.

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 December 2, 1969, at Lansing. (Docket No. 6,553.) Decided December 8, 1969.

Complaint by Marian Luella Gordon against Carroll Gordon for divorce. Counterclaim by defendant against plaintiff for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*Emil Storkan* (*Edward J. Ryan,* of counsel), for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 24 Am Jur 2d, Divorce and Separation § 626 *et seq.*

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. In this cause, defendant appeals from a judgment of divorce granted in the Circuit Court for Hillsdale County. Defendant contends on appeal that the trial court abused its discretion in its distribution of marital property when it awarded defendant an undivided one-half of the dwelling house, subject to the stipulation that the house was not to be sold until the minor child reached her eighteenth birthday, in 1974, or until plaintiff remarries or dies (whichever comes first). Defendant is to pay taxes, insurance, and maintenance costs on the house. The defendant further asserts that the trial court erred in not granting him more time with the minor child.

The trial court has broad discretion with respect to division of property, *Wells* v. *Wells* (1951), 330 Mich 448, and the custody of children, *Cooley* v. *Cooley* (1950), 329 Mich 91.

After a careful review of the record, we find no merit in defendant's contentions of abuse of discretion.

The trial court displayed great sensitivity to the interests of the minor child, and of the parties in both its custody and property decrees.

We find that the trial court did not err in ordering that the family home not be sold until the minor child reaches her eighteenth birthday or until the mother remarries or dies. By that order the trial court properly sought to insure the continued well-being of the minor child, and we will not disturb such an order.

We find nothing in the record to indicate an abuse of discretion as regards visitation or custody.

Affirmed. Costs to plaintiff.